## CHICAGO, INDIANAPOLIS & LOUISVILLE RAILWAY COMPANY *v.* TURNER, ADMINISTRATRIX.

[No. 4,394. Filed January 13, 1904. Rehearing denied April 19, 1904. Transfer denied May 24, 1904.]

RAILROADS.—*Accident at Crossing.*—*Contributory Negligence.*—*Presumption.*— *Death by Wrongful Act.*—Contributory negligence of a traveler approaching a railroad crossing is not established by the fact that he was struck by a train. *pp. 267, 268.*

SAME.—*Accident at Crossing.*—*Death by Wrongful Act.*—*Contributory Negligence.*—*Instruction.*—The defendant in a railroad crossing accident is entitled to have the jury instructed, not only generally, but specifically, as to the exercise of reasonable care by decedent. *p. 268.*

SAME.—*Accident at Crossing.*—*Care Required of Traveler Approaching Crossing.*—*When Question of Fact.*—*Contributory Negligence.*—The precise number of feet from a railroad crossing at which a traveler in the exercise of reasonable care should stop and look and listen for approaching trains can not be stated as a matter of law, but is for the determination of the jury. *p. 268.*

SAME.—*Accident at Crossing.*—*Contributory Negligence.*—*Matter of Defense.*— *General Verdict.*—*Answer to Interrogatories.*—In an action for the death of plaintiff's decedent at a railroad and highway crossing the jury with their general verdict for plaintiff found in answer to interrogatories that decedent looked and listened for 240 feet before he reached the track; that thirty feet from the track he stopped and looked and listened in both directions, and while he was so doing the approaching train was eighty rods distant, running down grade on wet rails, and without signals, at from forty to fifty miles an hour, enveloped in a dense fog; that decedent continued on to the track, looking and listening both ways, and did not discover the approaching train until it was too late to avoid it. *Held,* that the facts found were not sufficient to overthrow the general verdict in view of §359a Burns 1901 placing the burden of proving contributory negligence on the defendant. *pp. 268, 269.*

Chicago, etc., R. Co. *v.* Turner.

RAILROADS.—*Accident at Crossing.—Contributory Negligence.—Answers to Interrogatories.—General Verdict.*—Though answers to interrogatories in an action for personal injuries might, if unexplained, be sufficient to establish contributory negligence, yet if, under the issues, proof might have been made of explanatory or qualifying facts destroying their effect, there can be no judgment on such answers unless the existence of such explanatory or qualifying facts is negatived by the findings; since under §359a Burns 1901 the plaintiff is not required to establish freedom from contributory negligence. *pp. 269, 270.*

SAME.—*Accident at Crossing.—Care Required of Traveler.—Instruction.*—An instruction in an action for the death of plaintiff's decedent caused by a collision at a railroad and highway crossing that if it was found from the evidence that the fog was so dense as to prevent decedent from seeing or hearing the train in time to avoid injury, from his place on the wagon seat, it was his duty to get off his wagon, and go in advance of his team, and, if he failed to use this precaution, there could be no recovery, was properly refused. *p. 270.*

From Harrison Circuit Court; *C. W. Cook*, Judge.

Action by Mary E. Turner, administratrix of the estate of George F. Turner, deceased, against the Chicago, Indianapolis & Louisville Railway Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*E. C. Field, H. R. Kurrie* and *E. E. Mitchell,* for appellant.

*A. C. Harris, E. B. Stotsenburg* and *J. H. Weathers,* for appellee.

ROBY, J.—The appellee administratrix sued appellant for damages on account of the death of her husband. The averment in her complaint is that the decedent was crossing appellant's railroad at a highway crossing; that the crossing was enveloped in a dense fog; that before going on the track decedent stopped, looked, and listened, and neither saw nor heard a train; that while he was on the crossing a train was run over it at fifty miles an hour, without warning of its approach, and decedent was thereby killed. Answer in general denial. Trial; verdict for $6,000, with answers to interrogatories. Motions by appellant for judgment notwithstanding the general verdict,

and for new trial, were overruled and judgment rendered on the verdict.

The facts found are that decedent was killed by collision between the wagon in which he was riding and one of appellant's engines, about 7:20 o'clock a. m., September 16, 1901, at a public crossing of the Grant line road, near New Albany, the direction of the highway at that point being north and south and of the railway northwest and southeast. At the time of the collision decedent was riding in an ordinary farm wagon drawn by two horses, making little noise, and driven south by him. The horses were gentle and not afraid of cars. Decedent was alone; had lived near the railroad track, three miles distant from the crossing, for eleven years; was familiar with the crossing and vicinity, having used it about three times a week. He left home about 6:30 or 7 o'clock, and drove to the point where he was killed. Had driven two miles on the Grant line road, and had crossed the track two miles north, driving thence south along said road to the place of accident. The train was a through passenger, running southeast at from forty to fifty miles an hour. The whistle was not sounded nor the bell rung between eighty and one hundred rods from the crossing. The whistle was last sounded two to four miles away. Decedent did not hear it. When he was 326 feet north of the point of collision, if he had attentively listened, he could have heard the whistle. While approaching said crossing he continuously looked and listened for the approach of trains from a point 240 feet from the crossing. He drove in a walk at two to three miles an hour. He stopped, looked and listened both ways thirty feet from the track. He looked and listened from such point in both directions until he reached the track. He could not have heard the noise made by the train by attentively listening while 326 feet from the crossing, while approaching it, or just before driving on the track. When he was thirty to thirty-four feet from

the track the train was eighty yards from the crossing. When he was fifteen to seventeen feet from the track the train was forty yards away. He had good eyesight and hearing. He knew that a train was due to pass over the track at about 9 o'clock each morning. His three children followed immediately after him in a buggy, about five feet behind him. The noise of the buggy and wagon did not prevent him from hearing the train. The highway and railroad were practically level. It was very foggy at the time of the collision. The fog was so dense that decedent was unable to see the train. It extended more than one-half a mile each way from the crossing, and prevented him seeing the train until it was too late to prevent the accident. He could not have seen the train or headlight just before driving on the track by looking in its direction. The crossing was in a farming neighborhood. The train was regularly run at a high rate of speed. There were no noises to hinder hearing the train, except the noise of the wagon and buggy. If decedent had got out of his wagon, and gone to appellant's track, and carefully listened, he could have heard the approaching train in time to have avoided the accident. The train was from fifteen to twenty minutes late. Decedent was riding in the front seat of an open wagon. The train made very little noise. It was running down grade on wet rails. No warning was given of its approach. The heavy fog and the absence of noise and signal prevented decedent from seeing or hearing it until it was within fifty feet of him. He continuously looked and listened up to the crossing.

The appellant asserts the following proposition: "The fact that a collision did occur shows that sufficient precaution was not taken" by decedent. It is said, and the following cases are cited to the point: "The law presumes, in case of injury of a traveler at a crossing, that if by looking he could have seen, or by attentively listening he could have heard the approaching train in time to escape,

either that he did not look and listen, or that he did not heed what he saw or heard; that he saw what he could have seen had he looked, and heard what he could have heard if he had listened." *Cleveland, etc., R. Co.* v. *Griffin,* 26 Ind. App. 368, 372. *Lake Erie, etc., R. Co.* v. *Stick,* 143 Ind. 449; *Aurelius* v. *Lake Erie, etc., R. Co.,* 19 Ind. App. 584; *Pittsburgh, etc., R. Co.* v. *Fraze,* 150 Ind. 576, 65 Am. St. 377; *Towers* v. *Lake Erie, etc., R. Co.,* 18 Ind. App. 684; *Cincinnati, etc., R. Co.* v. *Duncan,* 143 Ind. 524; *Smith* v. *Wabash R. Co.,* 141 Ind. 92; *Cincinnati, etc., R. Co.* v. *Butler,* 103 Ind. 31. The logic of appellant's position, in connection with the legal proposition stated, is that, inasmuch as no case can be conceived in which the traveler can not see and hear an approaching train if he stops long enough and listens sharply enough, therefore the fact that he is struck by such train establishes his contributory negligence. The correctness of the conclusion can not be conceded.

The appellant was entitled to have the jury instructed not only generally but specifically as to the exercise of reasonable care by decedent. *Malott* v. *Hawkins,* 159 Ind. 127. The precise number of feet from the crossing at which he should have stopped can not be stated as a matter of law. To do so would be to "trench upon the province of the jury." *Lake Shore, etc., R. Co.* v. *Anthony,* 12 Ind. App. 126. *Louisville, etc., R. Co.* v. *Williams,* 20 Ind. App. 576; *Lake Shore, etc., R. Co.* v. *McIntosh,* 140 261, 280; *Malott* v. *Hawkins, supra.*

The answers to interrogatories show that he looked and listened for 240 feet before he reached the track; that thirty feet from the track he stopped, and looked and listened both ways; that while he was so doing the approaching train was eighty rods distant, running down grade on wet rails, and without signals, at from forty to fifty miles an hour, enveloped in a dense fog (the engineer testified that he could not see sixty feet ahead of his engine on account of the

density of the fog); that decedent continued on to the track, looking and listening both ways, and did not discover the appoaching train until it was within fifty feet of him, which was too late to avoid it. The jury, by their general verdict, say that in so proceeding he exercised the prudence of an ordinarily prudent man under the circumstances. This includes the finding that he used ordinary care to select a place at which to stop, and that he used ordinary care in looking and listening 240 feet away from and up to the track. *Lake Shore, etc., R. Co.* v. *McIntosh, supra; Chicago, etc., R. Co.* v. *Spilker,* 134 Ind. 380, 408; *Chicago, etc., R. Co.* v. *Butler,* 10 Ind. App. 244, 254.

Prior to the act of February 17, 1899 (§359a Burns 1901), the burden was on the plaintiff to establish his own freedom from contributory negligence. By that act the burden of establishing contributory negligence is placed upon the defendant. The measure of care to be used is in nowise changed. *Southern Ind. R. Co.* v. *Peyton,* 157 Ind. 690. That rule is that before the general verdict is overthrown the facts shown by the answers to interrogatories must exclude the possible existence of other controlling facts, relating to the same subject, which, under the issues, might have been proved. *City of South Bend* v. *Turner,* 156 Ind. 418, 54 L. R. A. 396, 83 Am. St. 200; *Southern Ind. R. Co.* v. *Peyton, supra.* While the measure of care necessary on the part of one seeking to recover damages on account of the negligence of another is in nowise changed by the act of 1899, it is no longer incumbent upon him affirmatively to establish the exercise of such care. Contributory negligence is made matter of defense. Although the answers to interrogatories in a given case might, if unexplained, be sufficient to establish contributory negligence, yet if, under the issues, proof might have been made of explanatory or qualifying facts destroying their effect, there can now be no

judgment on such answers unless the existence of such explanatory or qualifying facts is negatived by the findings. In the case at bar facts are not shown by the answers from which it can be declared that the decedent was negligent, and the motion for judgment thereon was correctly overruled. *Malott* v. *Hawkins, supra.*

Appellant asked the court to instruct the jury that, if it was found from the evidence that the fog was so dense as to prevent the decedent, from his place on the wagon seat, from seeing or hearing the train in time to avoid injury, it was his duty to get off his wagon, and go in advance of his team, and if he failed to use this precaution there could be no recovery. This instruction was correctly refused. *Pittsburgh, etc., R. Co.* v. *Wright,* 80 Ind. 236.

Instruction number six given is a copy of instruction number twenty-seven set out and approved in *Cleveland, etc., R. Co.* v. *Penketh,* 27 Ind. App. 210. Instruction number seven, given, is based upon and follows the language, so far as shown by the opinion, of the instruction considered and approved in *Baltimore, etc., R. Co.* v. *Conoyer,* 149 Ind. 524, see particularly pages 528, 529. There was no error in the instructions given or refused.

Judgment affirmed.