<hr />

[No. 5005.]
[No. 2554 C. A.]

## McConathy v. Deck.

1. **Pleading—Statutes—Sheriffs—Refusal to Permit Prisoner to Consult Counsel.**

Section 210, Mills' Ann. Stats., making it the duty of sheriffs and other officers having any person in custody to permit any practicing attorney at law, whom such person may desire, to consult such person in private, and providing a penalty to be recovered in an action by the person aggrieved against the sheriff for violating said statute, is a general statute, and in an action against a sheriff for refusing to permit counsel to consult a prisoner it is not necessary to specifically declare upon the statute, but a complaint which states the facts is sufficient.

2. **Pleading—Indefiniteness Cured by Answer.**

An objection to a complaint that a necessary allegation was not stated with sufficient definiteness was properly overruled where the answer supplied the defect.

*Appeal from the District Court of Hinsdale County: Hon. Theron Stevens, Judge.*

Mr. Charles F. Repath, for appellant.

Mr. H. C. Clay, for appellee.

Mr. Justice Gunter delivered the opinion of the court.

Section 210, Mills' Ann. Stats., provides in substance that all sheriffs or other public officers having in custody any person for any alleged cause whatever shall, except in cases of immediate danger of escape, admit any practicing attorney at law in this state whom such person may desire to see to consult such person in private, and that any officer violating such statute shall forfeit and pay $100 to the person aggrieved, to be recovered by an action of debt. Appellee, the person in custody, proceeded under this statute against appellant, the sheriff, and had judgment. Appellant in objections 1, 2 and 3 contends in effect that the complaint does not state a cause of action because the statute is not specifically declared upon. The code requires the complaint to contain a statement of the facts constituting the cause of action. The complaint in this case states the facts bringing the case within the statute sued on—which is a general one—and this is sufficient.

In *The Denver, Texas & Gulf R. R. Co. v. De Graff*, 2 Colo. App. 44, it was contended that the statute on which the complaint was framed was not sufficiently pleaded. The court said:

"It was a general statute—need not be pleaded or referred to. If the complaint stated a cause of action under the statute, that was sufficient."

See also *Madera v. Holdrege,* 4 Colo. App. 126.

It is next urged that the complaint in bringing the facts within the statute should with more definiteness have stated that the consultation sought would not have been attended with any immediate danger of escape. If such objection could be urged after judgment a sufficient reason for its overruling is that the answer fully supplied the alleged defect.

It is further urged that the evidence was not sufficient to support the finding and judgment.

It would serve no useful purpose to discuss the evidence. It is sufficient to say that there was substantial evidence to sustain the finding and judgment. If the court credited, which it did, the testimony of appellee and his counsel, Mr. Clay, the case alleged in the complaint was proven.

Judgment affirmed.                    *Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE MAXWELL concur.