## INDIANA QUARRIES COMPANY *v.* FARMER.

[No. 22,844.  Filed December 8, 1915.  Rehearing denied February 17, 1916.]

1. STATUTES.—*Employer's Liability Act.—Constitutionality.*—The Employer's Liability Act of 1911 (Acts 1911 p. 145, §8020a *et seq.* Burns 1914) is constitutional.  p. 412.
2. MASTER AND SERVANT.—*Injuries to Servant.—Complaint.*—A complaint for personal injuries, alleging that defendant was a corporation employing more than five men, that plaintiff was in its employ, that his injury was occasioned by the negligent act of a fellow servant in lowering dogs and chains attached to a traveler, without notice or orders to do so and contrary to the rules of defendant, etc., stated a cause of action within the provisions of the Employer's Liability Act (Acts 1911 p. 145, §8020a *et seq.* Burns 1914).  p. 412.
3. MASTER AND SERVANT.—*Injuries to Servant.—Verdict.—Answers to Interrogatories.*—In an action for injuries to a servant through the negligence of a fellow servant in lowering dogs and chains attached to a traveler, without notice or orders to do so and contrary to the · rules of defendant, answers to interrogatories showing the duties of the traveler runner, that he was not to lower the dogs without a signal from the head hooker, and that he did do so without a signal, resulting in the injury complained of, and that plaintiff had no notice or warning that the dogs were to be lowered at the place where he was injured, etc., were insufficient to overcome a verdict for plaintiff, but on the other hand supported the verdict.  p. 413.
4. TRIAL.—*Verdict.—Answers to Interrogatories.*—A general verdict for plaintiff finds every material averment of the complaint to be true, and can be overcome by the jury's answers to interrogatories only when they are in irreconcilable conflict with it.  p. 414.
5. APPEAL.—*Questions Presented.—Motion for New Trial.—Briefs.*—No question is presented on the overruling of a motion for new trial where appellant fails to discuss it in his brief.  p. 414.

From Lawrence Circuit Court; *Oren O. Swails,* Judge.

Action by Wesley Farmer against the Indiana Quarries Company.  From a judgment for plaintiff,

the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Affirmed.*

*Underwood & Underwood*, for appellant.

*James E. Boruff* and *Ray R. Boruff*, for appellee.

ERWIN, J.—This was an action by appellee for damages for personal injuries, occasioned by the act of a fellow servant, while in the employ of appellant. The complaint is in two paragraphs, each based on Acts 1911 p. 145, §§8020a-8020k Burns 1914, and known as "The Employer's Liability Act." Trial was had by jury, which resulted in a verdict for appellee in the sum of $1,000. Appellant has assigned as error (1) overruling the demurrer to the complaint, (2) overruling the motion for judgment on the answers of the jury to interrogatories, notwithstanding the general verdict, (3) error in overruling the motion for a new trial. The

1. principal objections to the complaint arise on the grounds that the act of 1911, *supra*, is unconstitutional and void, and that the complaint is insufficient as a common-law action. This court has held that the act is constitutional. *Vandalia R. Co.* v. *Stillwell* (1914), 181 Ind. 267, 104 N. E. 289; *Kokomo Brass Works* v. *Doran* (1915), 59 Ind. App. 583, 105 N. E. 167.

It is apparent from the complaint that appellant was a corporation, employing more than five men; that appellee was in its employ; that appellee on

2. the day of his injury was in its employ and at a place where the work in which he was engaged required him to be; that his injury was occasioned by the negligent act of a fellow servant in lowering upon him dogs and chains attached to a traveler, without notice or orders so to do, when the rules of the company required that they should not be lowered without orders or notice that they

would be lowered; that by reason of said acts of such fellow servant he was injured. The extent of the injury with a statement of the costs and expense to him, occasioned by the injury is also alleged. The averments of the complaint bring the case within the provisions of the act on which it is predicated.

The answers of the jury to the interrogatories find that it was a rule of the company that the traveler runner was to keep the load on the dogs at least eight feet above the ground in traveling up and down the tramway; that the traveler runner should not lower the dogs or load without a signal from the head hooker; that the traveler runner did lower the dogs and strike appellee on the head without any order or signal from the head hooker; that it was the rule of the company that the head hooker was to give warning to persons in the yard of the approach of the load or hooks; that the head hooker gave no warning of the approach of the traveler before appellee was struck by the dogs; that appellee did not know and had no notice that the dogs on the traveler were to be lowered at the place where he was injured. It is contended by appellant that because other interrogatories disclose the fact that appellee could have seen the approach of the traveler, if he had looked, and that he did not look, that therefore, he was guilty of contributory negligence and that the court should have rendered judgment on the answers to interrogatories. It will be noticed that the negligence was not in moving the traveler upon the tramway, but in lowering the dogs at a time when it should not have been done by reason of the fact that no orders were given to so lower them and without the required signal that the same would be lowered. Before appellant would be entitled to a judgment on the interrogatories it would be neces-

sary for the jury to have found in addition to the above findings that appellee knew or by the exercise of ordinary care should have known that the dogs were to be lowered at the time when and the place where they were lowered. The interrogatories are silent as to any knowledge of appellee as to when or where the dogs were to be dropped. The general verdict finds every material averment of the complaint to be true, and can be overcome by answers to interrogatories only when they are in irreconcilable conflict with the general verdict. *Lagler* v. *Roch* (1914), 57 Ind. App. 79, 85, 104 N. E. 111; *Adams* v. *Antles* (1915), 57 Ind. App. 594, 600, 105 N. E. 931; *Chicago, etc., R. Co.* v. *Dinius* (1913), 180 Ind. 596, 618, 103 N. E. 652; *Jefferson Mfg. Co.* v. *Holden* (1913), 180 Ind. 301, 307, 102 N. E. 21; *First Nat. Bank* v. *Rupert* (1912), 178 Ind. 669, 671, 100 N. E. 5. The interrogatories not only do not conflict with the general verdict, but sustain it. No question is presented on the ruling on the motion for a new trial, for failure on the part of appellant to discuss it in its brief. Rule 22, clause 5, of this court; *Buffkin* v. *State* (1914), 182 Ind. 204, 207, 106 N. E. 362; *Bray* v. *Tardy* (1914), 182 Ind. 98, 99, 105 N. E. 772. No reversible error being presented the judgment is affirmed.

NOTE.—Reported in 110 N. E. 549. On the constitutionality, application and effect of the Federal Employer's Liability Act see 47 L. R. A. (N. S.) 38; L. R. A. 1915 C 47. As to the constitutionality of a statute abrogating fellow-servant doctrine, see 11 Ann. Cas. 924. As to what is an "accident arising out of and in course of employment within employer's liability act," see Ann. Cas. 1914 D 1284. See, also, under (1) 26 Cyc 978; (2) 26 Cyc 1394; (3) 26 Cyc 1513; (4) 38 Cyc 1869, 1924; (5) 4 C. J. 1067; 3 Cyc 388.