CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* MARKLE.

[No. 22,604. Filed April 24, 1918. Rehearing denied June 28, 1918.]

1. RAILROADS.—*Crossing Accidents.—Contributory Negligence.*— In an action for personal injuries received in a crossing accident, a complaint which alleged that when the plaintiff approached the crossing he stopped for a passing freight train that stopped after clearing the crossing and that its engine made a loud rumbling noise and emitted large volumes of smoke and steam, partly obscuring the view of the main track in the direction from which the train came that struck the plaintiff, was not demurrable as showing such a transient obstruction as to make the plaintiff guilty of contributory negligence. p. 555.

2. RAILROADS.—*Crossing Accident.—Due Care.*—The failure of a railroad company in operating a train to observe the provisions of a speed ordinance or to give statutory signals does not relieve a person in crossing the railroad tracks of the duty of exercising such care as an ordinarily prudent person would exercise under similar circumstances, but such failure is a circumstance to be considered as bearing on the conduct of the person injured. p. 557.

3. NEGLIGENCE.—*Contributory Negligence.—Questions of Law or Fact.*—Contributory negligence cannot be sustained as a defense, as a matter of law, unless the pleaded facts justify no other reasonable conclusion. p. 557.

4. APPEAL.—*Assignments of Error.—Sufficiency of Complaint.*— Since the enactment of §348 Burns 1914, Acts 1911 p. 415,

providing that, where certain enumerated matters do not appear on the face of the complaint, objection may be taken by answer and the failure to do so shall be deemed a waiver of the objection, an assignment of error attacking the complaint for want of facts presents no question for review.    p. 558.

5.   APPEAL.—*Assignments of Error.—Instructions.*—The refusal to instruct the jury to find for the defendant is not a ground for an independent assignment of error.    p. 558.

6.   TRIAL.—*Verdicts and Findings.—Conflict.*—A general verdict is a determination of all material issues in favor óf the party for whom it is returned, and all intendments, inferences and presumptions that may be drawn from any evidence admissible under the pleadings are indulged in support of it.    pp. 558, 560.

7.   TRIAL.—*Verdicts and Findings.—Interrogatories.—Conflict.*— The answers to special interrogatories are in irreconcilable conflict with the general verdict only where they relate to a material issue and are incompatible with the general verdict upon any reasonable hypothesis.    p. 559.

8.   RAILROADS.—*Crossing Accidents.—Verdicts and Findings.*—A general verdict for the plaintiff in an action for personal injuries received in a crossing accident was not in conflict with answers to special interrogatories showing that on account of the noise of a locomotive standing near the crossing the plaintiff could not have heard the approaching train before it struck him; that steam and smoke from such locomotive obscured the view of the track; that had plaintiff refrained from crossing for a short time the accident would not have happened; that the plaintiff knew that trains passed daily over the crossing at a speed in violation of a city ordinance; and that he heard the crossing signal bell ringing at the time, and knew the purpose for which the bell had been installed.    pp. 558, 560.

9.   RAILROADS.—*Crossing Accident.—Look and Listen.*—It cannot be said, as a matter of law, that, under all circumstances, looking or listening at a particular time, or from a particular place, is required.    p. 561.

10.   APPEAL.—*Misconduct of Counsel.—Discretion of Court.*— Action by the trial court relative to the misconduct of counsel involves a discretion for only the abuse of which will the appellate court interfere.    p. 562.

11.   APPEAL. — *Misconduct of Counsel. — Cure of Error. — Presumptions.*—The court on appeal will presume that the prejudicial effect of improper remarks of counsel in argument was removed from the minds of the jury, where the court properly instructed the jury to disregard and not to consider such remarks.    p. 563.

12.   TRIAL.—*Instructions.*—It is not error to refuse requested

instructions on matters covered by other instructions given. p. 564.

From Randolph Circuit Court; *James S. Engle,* Judge.

Action by Grant C. Markle against the Cleveland, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for the plaintiff, the defendant appeals. *Affirmed.*

*Samuel D. Miller, Frank C. Dailey, William H. Thompson, W. H. H. Miller, Frank L. Littleton* and *Macy, Nichols & Bales,* for appellant.

*Leander J. Monks, Walter G. Parry* and *John F. Robbins,* for appellee.

MYERS, J.—On January 29, 1913, at Union street crossing of appellant's railroad tracks in the city of Winchester, Indiana, one of appellant's locomotives pulling a fast freight train collided with a buggy drawn by two horses, in which appellee was riding, injuring him, and for such injuries this action was brought to recover damages. On the issue formed by the complaint and general denial a jury returned a verdict in favor of appellee. Appellant's motion for a new trial was overruled, and from a judgment against it this appeal was prosecuted. The errors assigned and relied on, six in number, will be considered in the order presented.

First, there was no error in overruling appellant's motion to make the complaint more specific. *Board, etc.* v. *State, ex rel.* (1913), 179 Ind. 644, 102 N. E. 97; *Adams Express Co.* v. *Welborn* (1915), 59 Ind. App. 330, 108 N. E. 163, 109 N. E. 420; *Rock Oil Co.* v. *Brumbaugh* (1915), 59 Ind. App. 640, 108 N. E. 260.

The second error, the overruling of appellant's demurrer to the complaint, is predicated upon the ground that the complaint affirmatively shows that. appellee was guilty of contributory negligence. Appellant's contention in this respect is based on

1.

allegations in the complaint to the effect that, when appellee approached the crossing, he stopped for a passing freight train on the sidetrack headed west. When this train cleared the crossing it stopped. The locomotive attached thereto while moving and standing made a loud rumbling noise, and emitted large volumes of steam and smoke, which drifted over and partially enveloped and obscured the view of the main track west of the crossing—the direction from which the train came that struck appellee. It is claimed that these facts show a transient obstruction, bringing this case within the doctrine announced in that class of cases of which *Oleson* v. *Lake Shore, etc., R. Co.* (1896), 143 Ind. 405, 42 N. E. 736, 32 L. R. A. 149, is one. All of these cases are distinguishable from the case at bar. In the Oleson case the opinion shows that the train was moving at a speed of fifteen miles per hour, and the obstruction —large quantities of smoke—was rapidly being cleared away when Oleson attempted to cross. The obstruction there was clearly transient. In the case at bar the facts are widely different. Here, when appellee sought to cross the tracks, the train on the sidetrack was standing still. How long it would remain there was problematical. On that subject appellee was not advised, or at least the complaint is silent on that question, and as to the purpose for which it stopped. It had cleared the crossing, and, from aught appearing, the crossing was open to use. Clearly the alleged obstructions were in a sense permanent, and should be so considered in determining the question whether or not appellee used due care. On the question of negligence it may be noted that appellee not only stopped before attempting to cross the tracks, but, as he proceeded toward and along the street over the crossing, he looked both ways and listened attentively for approaching trains, but saw none in time to avoid the collision. The complaint charges ap-

pellant with other acts of negligence in operating the train which struck appellee, such as the violation

2. of an ordinance of the city regulating the speed of trains, running the train at a high and dangerous rate of speed, and failing to sound the whistle or to ring the bell as required by statute. Of course, these various acts of alleged negligence would not relieve appellee from such care as an ordinarily prudent person would exercise under the same or similar circumstances to avoid danger, but they are a part of the circumstances and surroundings to be considered as bearing upon appellee's conduct. In this case contributory negli-

3. gence would be a defense, but it cannot be sustained as a matter of law unless the pleaded facts justify no other reasonable conclusion, or, as often said, when the facts are of a character to be reasonably subject to but one inference. *Indiana Union Traction Co.* v. *Love* (1913), 180 Ind. 442, 99 N. E. 1005; *Grand Rapids, etc., R. Co.* v. *Resur* (1917), 186 Ind. 563, 117 N. E. 259. "There is no fixed standard in the law by which a court is enabled to arbitrarily say in every case what conduct shall be considered reasonable and prudent, and what shall constitute ordinary care, under any and all circumstances." *Grand Trunk R. Co.* v. *Ives* (1891), 144 U. S. 408, 12 Sup. Ct. 679, 36 L. Ed. 485. Applying the law as affirmed by numerous decisions of this state to the facts exhibited by the complaint, requires a denial of appellant's contention. *Indiana Union Traction Co.* v. *Love; supra; Greenawaldt* v. *Lake Shore, etc., R. Co.* (1905), 165 Ind. 219, 74 N. E. 1081; *Stoy* v. *Louisville, etc., R. Co.* (1902), 160 Ind. 144, 152, 66 N. E. 615; *Cleveland, etc., R. Co.* v. *Rumsey* (1912), 52 Ind. App. 371, 100 N. E. 782.

The third error is addressed to the complaint for want of facts. The act concerning proceedings in civil

cases approved April 7, 1881, was amended March 4, 1911, Acts 1911 p. 415, §348 Burns 1914, and since that time an assignment of error attacking the complaint for want of facts on appeal has been held to present no question. *Wagner* v. *Wagner* (1915), 183 Ind. 528, 109 N. E. 47; *Robinson* v. *State* (1911), 177 Ind. 263, 97 N. E. 929; *Stiles* v. *Hasler* (1913), 56 Ind. App. 88, 104 N. E. 878; *Graham* v. *Henderson Elevator Co.* (1915), 60 Ind. App. 697, 111 N. E. 332.

The fourth error, based on the court's refusal to instruct the jury to find for the defendant, is not a ground for an independent assignment of error. *White* v. *State, ex rel.* (1915), 183 Ind. 649, 109 N. E. 905, Ann. Cas. 1917B 527; *Deeter* v. *Burk* (1915), 59 Ind. App. 449, 107 N. E. 304.

It is next insisted that the answers to the interrogatories show a state of facts so antagonistic to the general verdict that both cannot stand. The law as to when the general verdict will give way to such answers has been affirmed and reaffirmed so often that we will not now repeat it. It is enough to say that the general verdict carries to its support all intendments, inferences and presumptions which may be drawn from any evidence admissible under the pleadings, and is a determination of all material issues in favor of the party for whom it is returned. *Consolidated Stone Co.* v. *Summit* (1898), 152 Ind. 297, 53 N. E. 235; *American Car, etc., Co.* v. *Vance* (1911), 177 Ind. 78, 87, 97 N. E. 327; *Inland Steel Co.* v. *Smith* (1906), 168 Ind. 245, 247, 80 N. E. 538; *Indiana Quarries Co.* v. *Farmer* (1915), 184 Ind. 411, 110 N. E. 549. The question here is: Must the general verdict yield to the interrogatories and answers thereto, with no inferences or presumptions in their favor? Answers to interrogatories bring into the record findings on specific

facts. These facts or fact, as the case may be, must relate to some material issue, and be incompat-

7. ible with the general verdict upon any reasonable hypothesis before it can be said that the general verdict and the facts so specially found are in irreconcilable conflict. *Indianapolis St. R. Co.* v. *Kane* (1907), 169 Ind. 25, 36, 80 N. E. 841, 81 N. E. 721; *Chicago, etc., R. Co.* v. *Lawrence* (1907), 169 Ind. 319, 329, 79 N. E. 363, 82 N. E. 7.68; *Cleveland, etc., R. Co.* v. *Hayes* (1906), 167 Ind. 454, 458, 79 N. E. 448.

The complaint charges several acts of negligence on the part of appellant. The general verdict was a finding in appellee's favor that one or more of these

8. acts was the proximate cause of his injury. It was also a finding that appellee was not guilty of any negligence which proximately contributed to his injury. The answers of the jury relied on by appellant show that, on account of the noise made by the locomotive standing on the passing track near the crossing, appellee could not have heard the rumble and noise of the approaching locomotive on the main track before it struck him; that the steam and smoke from the locomotive on the passing track obscured a view of the main track west for about 100 feet, and, had appellee remained twenty-five feet south of the tracks for a very short time longer than he did, the accident would not have happened; that appellee knew that trains of appellant passed daily through the city of Winchester, and over the crossing in question, at a speed in excess of four miles per hour in violation of an ordinance of the city; that he heard the crossing signal bell ringing and knew the purpose for which the bell was installed and operated when he started across the tracks, and it was ringing at the time of the accident. They also show that the east end of the train on the passing track was about fifty feet west of the crossing; that

the distance between the two tracks was about twelve feet, and that the heads of the horses being driven by appellee were about forty feet south of the main track. At this point he stopped for the train on the passing track to cross, and looked and listened; that, when appellee started his horses to cross the tracks, the west end of the standing train was about 300 feet west of Union street, and from where appellee was standing the smoke, steam and cars obstructed his view of the main track west a distance of about 960 feet; that the east end of the east-bound train, composed of an engine, tender, seventeen freight cars and a caboose, was 500 feet west of Union street, and moving at the rate of thirty-five miles per hour.

These answers do not negative the allegation in the complaint that appellant failed to ring the bell and blow the whistle as required by law. The fact that appellant, to appellee's knowledge, ran trains daily over the crossing at a speed in violation of an ordinance of the city, does not make appellant any the less guilty of negligence. But appellee's knowledge of appellant's custom in this particular would go to the question of care required of him for his own safety when crossing its tracks, likewise the obstruction from the standing train, and the rumble, noise, smoke and steam therefrom. But are these facts, standing alone, inconsistent with the general verdict? We think not. As we have said, the general verdict is a finding in favor of appellee on the question of contributory negligence, and carries with it, in the absence of a finding to the contrary, the inference that appellee could not, and did not, see or hear the approaching train in time to avoid it, although at a reasonably effective point for that purpose he did look and listen. It is specially found, as is claimed, that had appellee waited a short time the accident would not have happened. That is

true, but who or what was there to admonish or caution him to wait another minute? The crossing was clear. There was no danger from the standing train, and nothing to indicate how long it would remain there. True, the crossing bell was ringing. But was this alarm caused by the standing train, or an approaching train? There is no finding that appellee knew the standing train was not working the crossing bell, or that it would only be affected by an oncoming train. It is probable that his seeming inattention to this bell was explained consistently with his freedom from fault. If so, he was not guilty on that account. *Chicago, etc., R. Co.* v. *Turner* (1904), 33 Ind. App. 264, 69 N. E. 484; *Smith* v. *Michigan Central R. Co.* (1904), 35 Ind. App. 188, 73 N. E. 928.

It is also claimed that the answers show that appellee did not look and listen at a point where to do so would be effective to warn him of the conditions actually 9. existing, and for that reason he was negligent. This court has held that: "It cannot be said, as a matter of law, that, under all circumstances or conditions, looking or listening at a particular time, in a particular direction, or from a particular place is required." *Cleveland, etc., R. Co.* v. *Lynn* (1911), 177 Ind. 311, 315, 95 N. E. 577, 98 N. E. 67. See, also, *Cleveland, etc., R. Co.* v. *Lynn* (1908), 171 Ind. 589, 85 N. E. 999, 86 N. E. 1017; *Chicago, etc., R. Co.* v. *Turner, supra.* In *Pittsburgh, etc., R. Co.* v. *Dove* (1915), 184 Ind. 447, 453, 111 N. E. 609, this court has ruled that a person about to use a street over which railroad trains cross is not ordinarily required to stop, but he is required to look and listen, and for this purpose must exercise ordinary care to select a place where the act of looking and listening will be reasonably effective. "That point, however, in its precise relation to the track

in feet, is seldom to be determined as a matter of law."

This is not a case where we can say as a proposition of law that the answers to the interrogatories exhibit facts in irreconcilable conflict with the general verdict.

The last error relied on is the overruling of appellant's motion for a new trial. In support of this motion it is insisted that the verdict is not sustained by sufficient evidence and is contrary to law. We have carefully reviewed the evidence, keeping in mind the seventeen points made by appellant as to this specification, without being convinced that its insistence should be sustained. It is our conclusion that the evidence supports the verdict, and is not for that reason contrary to law.

A further specification is grounded on the misconduct of appellee's counsel in his closing argument. The misconduct of which appellant complains is exhibited in a bill of exceptions, and has given this court more concern than all other questions presented by this record. Such conduct cannot be approved, nor should it be excused on the ground of inadvertence. We may also say that the patience of the trial judge in this matter, if he would be entirely free from criticism, is not to be commended. However, this court in dealing with this question, must keep in mind certain potential and well-defined rules of practice, requiring all reasonable presumptions to be indulged in favor of the proceedings of the trial court. Here misconduct of counsel has been pointed out, also the action of the court toward correcting the alleged error. In all such cases the procedure adopted by the court must necessarily depend upon and be suitable and pertinent to the character of the misconduct to which it is directed. It should be timely invoked. It should be emphatic and explicit to the end that no injurious effect may result therefrom. Proper action by the trial court in such instances in-

volves a discretion for the abuse of which only will this court interfere. *Adams* v. *State* (1912), 179 Ind. 44, 99 N. E. 483.

Conceding that the remarks of counsel, and his persistence after being cautioned by the court, amounted to misconduct and are presumed to be harmful,

11. the question then is, Does the record show that such misconduct was counteracted, and its prejudicial effect removed from the minds of the jury? It appears that the court, immediately following the objection to each improper statement of counsel, explicitly instructed the jury to disregard such remarks. Also, the jury was admonished to disregard any remarks of counsel impliedly referring to any ruling of the court, because "not a matter for the jury's consideration. * * * The jury will disregard the statement (referring to other remarks of counsel) and not consider it in this case." The court cautioned counsel that he must pay some attention, and, failing to do so, he was informed, "If you continue this, you will get the submission set aside." The court, as we have seen, did attempt to correct the misconduct by instructions, which, if given in a spirit to effect the purpose, and it must be so accepted, then a jury of ordinary intelligence would be set right. *Buffkin* v. *State* (1914), 182 Ind. 204, 106 N. E. 362. By the motion for a new trial the attention of the court was again called to the misconduct of counsel, and upon a reconsideration of all that had transpired, and after a further review of the case, the motion was overruled, thereby, in effect, deciding that no injury had come to appellant from the alleged error. This record, in its entirety, is against the proposition that the jury was misled, and that a fair trial was not had.

Complaint is made of the court's refusal to give instructions Nos. 5, 8, 11 and 13 tendered by appellant.

The court gave instructions Nos. 1, 2, 3, 6, 7, 12 12. and 14 tendered by appellant, which covered every theory and phase of the case as favorably to appellant as the evidence and the law authorized. Judgment affirmed.

NOTE.—Reported in 119 N. E. 371. Railroads: failure to give statutory signals on approaching crossing as excuse for traveler's contributory negligence, 6 Ann. Cas. 78, 33 Cyc 991. See under (1) 33 Cyc 1024; (3) 29 Cyc 631.