## A. L. CLARK LUMBER COMPANY *v.* JOHNS.

### Opinion delivered March 13, 1911.

1. PLEADING—COMPLAINT—ANTICIPATING DEFENSE.—A complaint in an action by a servant for personal injuries alleged to be due to the master's negligence need not negative the defense of assumed risk. (Page 214.)

2. SAME—NECESSITY OF REPLY.—Under Kirby's Digest, § 6108, providing "that there shall be no reply except upon the allegation of a counterclaim or set-off in the answer," the plaintiff is not called upon to make a reply to an answer setting up the defenses of assumed risk. (Page 215.)

3. MASTER AND SERVANT—INSTRUCTION—GENERAL OBJECTION.—In a suit by a servant to recover for injuries caused by the master's negligence a general objection to an instruction is insufficient to point out that it fails to include the defense of assumed risk where that defense is correctly stated in another instruction. (Page 216.)

4. SAME—WHEN CONTRIBUTORY NEGLIGENCE AND ASSUMED RISK OVERLAP.—Where a servant is aware of a defect in the place where he is employed to work, and the danger therefrom is so obvious that a person of ordinary prudence would not continue in the work, he not only assumes the risk but is guilty of contributory negligence. (Page 217.)

5. SAME—DUTY TO INSTRUCT AS TO CONTRIBUTORY NEGLIGENCE AND ASSUMED RISK.—Where the two defenses of contributory negligence and assumed risk overlap, the error of failing to instruct upon one of them is necessarily harmless if a proper instruction upon the other is given. (Page 217.)

6. Same—Assumed risk—Instruction.—Where a servant, on discovering a defect in the place in which he was employed to work, notified the master to make repairs, which the master promised to do as soon as the mill shut down, and the servant was injured on the following day, an instruction to the effect that the servant had a right to continue at work in reliance upon the master's promise was not so defective in that it failed to limit the right to rely upon such promise to a reasonable time that the defect could be reached by a general objection. (Page 217.)

7. Same—Assumed risk—Instruction.—It was not error to refuse a prayer for instruction to the effect that if the servant knew of the danger he assumed the risk where such prayer ignored the question whether the master had promised to remove the danger. (Page 218.)

8. Instructions—Repetition.—It is unnecessary to repeat instructions upon the same subject. (Page 219.)

9. Damages—Excessiveness.—The evidence tends to show that plaintiff was injured from the small of his back to the top of his head, a cog wheel cutting into the flesh between his shoulder blades one-half to three-fourths of an inch, that he was rendered unconscious for a while by the shock, was confined to his bed for two or three weeks, and was unable to work for nearly two months, that the injury caused a running sore, which lasted for nearly three months and the muscles of the back were injured and gave pain for a year, which might be permanent. *Held*, that a verdict of $2,500 was not excessive. (Page 219.)

Appeal from Pike Circuit Court; *James S. Steel,* Judge; affirmed.

*T. D. Wynne* and *W. V. Tompkins,* for appellant.

1. The court in permitting the plaintiff to introduce evidence to the effect that on the day before the accident occurred he had made complaint to the millwright, and the latter promised to repair the alleged defective condition of the cog and gearing, so as to make the same safe, thereby permitted a new issue to be injected into the case, and erred in refusing appellant a continuance in order to meet this proof. 67 Ark. 142; 71 Ark. 197; 55 Ark. 568; 31 S. W. 401; 28 Tex. 241; 27 Tex. 455; 26 Tex. 95; 20 S. E. 494; 4 Enc. Pl. & Pr. 863.

2. A servant who knowingly consents to work in a place of danger, will be held to have assumed the risk incident thereto. 68 Ark. 316; 65 Ark. 98; 77 Ark. 367; 95 Ark. 560; Labatt on Master & Servant, 259. Instructions 1 and 3 were erroneous. Whether or not appellee assumed the risk after the

promise to make repairs, was a question to be determined by the jury. 71 Ark. 518; *Id.* 510. See also 1 Labatt, Master & Servant, § 425; 81 Ala. 200; 60 Am. Rep. 152; 187 Ill. 333.

3. The sixth instruction requested by appellant should have been given. Had it been given, the jury might have found that, notwithstanding the promise to repair, appellee was guilty of contributory negligence in failing to observe the patent dangers he was about to encounter.

4. The verdict is so excessive as to evidence passion and prejudice on the part of the jury.

*W. P. Feazel,* for appellee.

Appellee was properly permitted to testify to the fact of having complained to the millwright as to the condition of the cog, and the latter's promise to repair it. It was clearly admissible under the allegations of the complaint that the defendant knew of the defective condition and failed to repair it. A servant on entering upon the service of the master assumes only such risks as are ordinarily incident to the work—not extra or unusual risks, not those resulting from negligence of the master or other servants. 20 Am. St. Rep. 37; 40 Mich. 420. Moreover, the testimony as to the promise to repair was admissible in order to rebut testimony tending to show assumption of the risk and contributory negligence by appellee. Kirby's Dig. § § 6091, 6098, 6108; 78 Cal. 430; 76 Ark. 525; 29 Ark. 386; 33 Ark. 737; 44 Ark. 293.

2. Appellant will not be heard to object to certain instructions without furnishing an abstract of all the instructions given by the trial court. 92 Ark. 245; 90 Ark. 163.

3. The verdict is not excessive.

MCCULLOCH, C. J. The plaintiff sues to recover damages on account of personal injuries received while working in the service of defendant, and alleges that the injuries were caused by negligence of the defendant in failing to provide a safe place for him to work.

He was employed by defendant to oil the machinery in the sawmill, and in performing his duties it was necessary for him to crawl under the log deck and along the line shaft upon which

were placed cog wheels about two and a half feet apart, and these cog wheels were connected with other parts of the machinery which moved the rollers that carried lumber from the saws. All of the cog wheels save one were covered, and the cover of this had been broken off so that the cogs were exposed. While passing under the cog wheel, his clothing was caught in the gearing, and was wound up around his shoulders and neck, drawing him into the gearing so that the cogs ate into his neck and tore out flesh.

He alleged in his complaint that the defendant "had negligently left uncovered one of the cog wheels, and that the coupling which connected the other parts of the machinery with said cog wheels had been loosened to such an extent that it would fly upward; that the plaintiff, in performing his duties as oiler, had to pass underneath the floor of said sawmill upon a scaffold along the line shaft, and that, by reason of the construction of the premises where he was oiling, there was not sufficient light for him to see how to perform his duties."

The defendant denied the charge of negligence, and pleaded contributory negligence and assumption of risk. Plaintiff's testimony tended to sustain all the allegations of the complaint, and was sufficient to warrant a verdict in his favor. He also testified that the day before he was injured he made complaint to the two millwrights, Prewitt and Scott, about the defective condition of the machinery with respect to the broken covering and the exposed condition of the cog wheel, and that they promised to fix it the first time the mill was shut down. There was other testimony to the effect that it was the duty of the millwrights to keep the machinery in repair.

Defendant objected to the testimony as to the complaint to the millwrights and their promise to repair, on the ground that the pleadings contained no allegations of those facts. The court overruled the objection, and defendant asked for a continuance in order to procure the attendance of Prewitt, the other one, Scott, being present. The court denied the request for continuance. It is insisted now that the court erred in these rulings.

Assumption of risk by the plaintiff, being based on an implied contract, was a matter of defense to be pleaded by the defendant, and the plaintiff was not bound to anticipate in his complaint

any defense which could be offered. It was only necessary for him to set forth the charge of negligence on which he relied for a recovery, and when the defense of assumed risk was brought forward he had the right to meet it with proof of facts which excluded the implication that he had agreed to assume the risk. "A complaint need not negative matters of defense." *Rozell* v. *Chicago M. & L. Co.,* 76 Ark. 525.

It was therefore the duty of the defendant to prepare for the defense which it expected to offer and to anticipate any proof which the plaintiff might make in avoidance of the plea. No reply of the plaintiff was required under the Code. Kirby's Dig., § 6108.

The court gave the following instructions at plaintiff's request:

"1. You are instructed that it was the duty of the defendant in this case to exercise ordinary care in providing and furnishing the plaintiff with a reasonably safe place in which he was required to work and to exercise ordinary care in discovering and repairing defects in same, and the plaintiff, while acting in due care himself, had a right to presume that the defendant had discharged its duty in this respect; therefore if you believe from the evidence that the defendant had carelessly and negligently permitted its machinery where plaintiff was required to work to get out of repair, so as to make it more dangerous to the plaintiff while discharging his duties, and that the defendant or its foreman knew that said machinery was out of repair, or by the exercise of ordinary care could have known the same, and after said knowledge or notice it failed to repair same, and that the plaintiff while in the exercise of due care himself was thereby injured, you will find for the plaintiff.

"2. You are instructed that, while the plaintiff, by entering the services of the defendant as an oiler of its machinery, assumed all the risks ordinarily incident to that employment, he did not assume the risks arising from the negligence of the master himself, or any one whom the master may see fit to intrust his superintending authority, unless it be further shown that he was aware of said negligence and appreciated the danger therefrom, to which he was thereby exposed.

"3. If you believe from the evidence that the plaintiff had

notice or knowledge that the covering over the cogs in which he was caught and injured was out of repair, and that he thereafter continued in his work as such oiler without complaint, then he assumed the risks arising from the failure of the defendant to make such necessary and proper repairs as would remove the danger; but if you find that he made complaint to the defendant or its agent whose duty it was to keep defendant's machinery in repair, and that said agent told or promised him that he would make necessary and proper repairs on said machinery, and the plaintiff continued in his work, relying upon said promise, then you are instructed that he did not assume the risks arising from the failure of the defendant to make necessary and proper repairs.

"4. Although you may find from the evidence that the plaintiff knew that the covering on the cogs was broken or gone, and thereafter continued with his work, still if you should further find that he complained to the foreman whose duty it was to repair said covering, and that thereupon the said foreman promised the plaintiff that he would repair said defect, and that, relying on such promise, the plaintiff continued in the work for which he was employed, and that the danger arising from the condition of said cogs was not so obvious, imminent or glaring that an ordinarily prudent person would not have continued in the work, then it is for you to say under all the facts and circumstances of the case whether or not the plaintiff was guilty of such contributory negligence in continuing his work after the promise to make said repairs as would preclude him from recovering in this case."

Defendant objected to instructions numbered one and three. No specific objection was made to the first on the ground that it failed to include the claim of assumed risk. The second instruction fully and correctly covered the question of assumption of risk by plaintiff, and, in the absence of a specific objection, defendant can not now complain that it was not embraced in the first instruction. *St. Louis, I. M. & S. Ry. Co.* v. *Rogers,* 93 Ark. 564.

The third instruction was incorrect in failing to embrace the qualification that, notwithstanding the promise to repair, etc., if the danger was so imminent and obvious that a person of ordinary prudence would not have continued in the work, the plaintiff

assumed the risk. But we are of the opinion, in view of the other instructions and the verdict of the jury in passing thereon, that the omission was harmless.

Where the servant is aware of the defect, and the danger is so imminent and obvious that a person of ordinary prudence would not continue in the work, he not only assumes the risk, but is guilty of contributory negligence. This is where the doctrine of contributory negligence and of assumed risk approximate so that they are indistinguishable. *Choctaw, O. & G. Rd. Co.* v. *Jones,* 77 Ark. 367; *Mammoth Vein Coal Co.* v. *Bubliss,* 83 Ark. 567; *St. Louis, I. M. & S. Ry. Co.* v. *Mangan,* 86 Ark. 507; *Johnson* v. *Mammoth Vein Coal Co.,* 88 Ark. 243; *St. Louis, I. M. & S. Ry. Co.* v. *Holman,* 90 Ark. 555.

Now, in the fourth instruction copied above, as well as in other instructions which we have not deemed it necessary to copy, the question of contributory negligence was fully and correctly submitted, and the plaintiff's right to recover made to depend on his freedom from that charge, and the jury necessarily found that he was not guilty of negligence. Therefore, if he was not guilty of negligence, he did not, while at work, in reliance on the promise of the master to repair the defect, assume the risk of the danger from the defect which the master had promised to repair.

We do not mean to say that in all cases it is sufficient to give an instruction on contributory negligence, and that that includes assumption of risk. On the contrary, it may be said that a servant often is held to have assumed the risk of a danger, though he is not guilty of contributory negligence, for, in the absence of a promise on the part of the master to repair a defect, if the servant is aware of the defect and appreciates the danger therefrom, he assumes the risk by proceeding with the work, even though to do so might not be an act of negligence on his part. Assumption of the risk being a matter of implied contract, the servant may be held to have assumed it, though his own act in proceeding in the face of danger did not constitute negligence on his part. But the master's promise to repair the defect operates as a suspension of the servant's implied contract to bear the risk and puts the obligation on the master to bear the risk during the

period covered by his promise. In such case, the master being impliedly under contract to bear the risk of the danger, the servant does not assume it unless the danger is so imminent and obvious that a person of ordinary prudence would not proceed. This, too, constitutes contributory negligence; and when the two questions thus approximate, a submission of one is a submission of both. The third instruction submitted the question of the promise to repair, and the fourth submitted the question of contributory negligence. The verdict being necessarily a finding in plaintiff's favor on both issues, therefore no error was committed in failing to submit both questions in the same instruction.

It is also insisted that the third instruction is erroneous in failing to contain the qualification that plaintiff had the right to rely, for a reasonable length of time, on the promise to repair. Now, the testimony shows that the promise was made, if made at all, the day before the injury occurred, and was to the effect that the defect would be repaired as soon as the mill was shut down. Whether that meant as soon as the mill was shut down for repairs or merely for the night is not explained. There is no evidence that it had been shut down when the injury occurred, though plaintiff testified that, until he reached the uncovered box while crawling along the line shaft in the dim light, he supposed that it had been repaired. The time being so short since the promise had been made, it is doubtful whether it called for a submission of the question whether or not the time for compliance with the promise had expired; but, if defendant believed that the third instruction was defective in failing to embrace that question, the court's attention should have been called to it by a specific objection. Not having done that, it is too late now to complain.

Error of the court is assigned in refusing to give the following instruction:

"No. 6. You are instructed that if you believe from the evidence that the plaintiff knew the rollers or cogs were open, and were dangerous, and apprehended the danger, he assumed the risk. If he did not know it, but you believe the danger was open, patent and visible, he was guilty of contributory negligence in not knowing it, and in either event your verdict should be for the defendant."

The instruction was properly refused, for the first sentence was incorrect in ignoring the alleged promise to repair; and the last sentence was not applicable to the facts of the case. Plaintiff admitted that he knew of the defect and appreciated the danger of proceeding, but that he relied on the promise to repair. The court in other instructions correctly submitted the question of contributory negligence, as we have already seen, and the evidence was sufficient to warrant a finding that plaintiff was not negligent.

Lastly, it is contended that the assessment of damages in the sum of $2,500 was excessive. The testimony tends to show that plaintiff was injured from the small of his back to the top of his head, the cogs cutting into the flesh between his shoulder blades one-half to three-fourths of an inch. He was rendered unconscious for a while by the shock, and was confined to his bed for two or three weeks—was unable to work for nearly two months, and the injury caused a running sore which lasted for nearly three months. The muscles of the back were injured and continued to give pain for about a year. There was some testimony also to the effect that the injury to the muscles of the back would, to a slight degree, be permanent.

In this state of the proof we are not sure that the assessment of damages was excessive.

Affirmed.