## STANDARD STEEL CAR COMPANY *v.* MARTINECZ.

[No. 9,026.   Filed June 23, 1916.   Rehearing denied November 23, 1916.   Transfer denied February 21, 1918.]

1. MASTER AND SERVANT.—*Employers' Liability Act.—Constitutionality.*—The Employers' Liability Act, Acts 1911 p. 145, §8020a *et seq.* Burns 1914, is constitutional.   p. 677.

2. MASTER AND SERVANT.—*Injuries to Servant.—Action.—Evidence. —Sufficiency.*—Under §8020c Burns 1914, Acts 1911 p. 145, placing the burden of proof as to an employer's knowledge of defects in any tool or appliance on the employer, it must affirmatively appear, in order that the evidence may be held insufficient in that respect to sustain an employe's verdict for personal injuries, that the employer was chargeable with such knowledge in time to repair.   p. 677.

3. APPEAL.—*Review.—Evidence.—Waiver of Error.*—Where an employer appealing from a judgment for injuries to an employe urges the insufficiency of the evidence only as to proximate cause and knowledge of the employer of alleged defects, he impliedly concedes its sufficiency in all other respects, including the existence of the defective equipment as alleged in the complaint, the absence of contributory fault on the part of the employe, and the nonassumption of risk by him, except as the latter is involved in the points urged.   p. 678.

4. MASTER AND SERVANT.—*Injuries to Servant.—Action.—Assumption of Risk.—Liability of Master.—Statutes.*—Under §8020c Burns 1914, Acts 1911 p. 145, providing that the employe shall not be held to have assumed the risk of any defect in any tool, appliance, etc., known prior to the injury to the employer, or which might by the exercise of ordinary care have been known to him in time to have repaired it, or to have discontinued its use, even if the employer did not have knowledge, actual or constructive, of

Standard Steel Car Co. *v.* Martinecz—66 Ind. App. 672.

the defects complained of, the principle of assumed risk would not, under such state of facts alone, defeat an employe's right to recovery for injuries. p. 679.

5 APPEAL.—*Review.—Evidence.—Waiver of Error.*—Where an employer, on an appeal from a judgment for injuries to an employe, directs no point to the contrary, it should be taken as conceded, if essential to the determination of the cause, that the evidence discloses affirmatively that the employe did not have knowledge, actual or constructive, of the defects complained of, and that he did not understand or appreciate such hazard. p. 680.

6. MASTER AND SERVANT.—*Injuries to Servant.—Action.—Assumption of Risk.—Master's Liability.—Statutes.*—Under §8020b Burns 1914, Acts 1911 p. 145, providing that, in actions against the employer for the injury or death of an employe, it shall not be a defense that the dangers or hazards inherent or apparent in the employment contributed to the injury, even though the defects complained of were krown to the injured employe and the employes had no knowledge thereof, the doctrine of assumed risk does not prevent a recovery. p. 680.

7. MASTER AND SERVANT.—*Injuries to Servant.—Liability of Master.—Employers' Liability Act.—Negligence.*—Although, under §8020b Burns 1914, Acts 1911 p. 145, providing that it shall not be a defense to an action for injury to an employe that the dangers or hazards inherent or apparent contributed to the injury, the principle of assumed risk will not defeat a recovery, the failure to establish actionable negligence on the part of the employer will do so, as negligence is the gist of all actions under the Employers' Liability Act, Acts 1911 p. 145, §8020a *et seq.* Burns 1914. p. 681.

8. MASTER AND SERVANT.—*Injuries to Servant.—Liability.—Statute.*—Under §8020c Burns 1914, Acts 1911 p. 145, providing that the employe shall not be held to have assumed the risk of any defect in the place of work, or in the tool, etc., which defect was known to the employer or might have been known to him in time to repair or discontinue its use, and placing the burden of proof as to such knowledge on the employer, where the evidence discloses affirmatively that the employer did not have knowledge, actual or constructive, a sufficient time before injury to an employe for repairs to be made or the use of a defective appliance to be discontinued, the evidence is insufficient to charge the employer with actionable negligence. p. 681.

9. MASTER AND SERVANT.—*Injuries to Servant.—Action.—Jury Question.—Proximate Cause.—Evidence.—Sufficiency.*—In an action by an employe against the master for injuries sustained while operating a rapidly revolving emery stone, where there

was evidence to show that when first installed the stone was circular in shape, with its cutting surface at right angles to its diameter, and was equipped with a rest which was adjusted from time to time to bring it close to the grinding surface, that for several days immediately preceding the accident the rest was loose, permitting it to swing forward and downward and thus bring the hand of the operator in contact with the stone, which had, through wear incident to use, gradually become egg-shaped and the circumference irregular, so that it would tend to catch any article being ground and to jerk the operator's hand against the stone, and that when plaintiff attempted to smooth the rough edge of a metal plate by supporting it on the rest and placing it against the stone, the stone caught the plate, turned it in his hands, and threw his left hand against the grinding surface, resulting in the loss of two fingers, such evidence was sufficient to present a question for the jury as to whether the defects in the stone and rest were the proximate cause of the injury, and to warrant the jury in finding that such defects had existed long enough so that the employer could have by reasonable care, discovered and remedied them.   p. 682.

10.  MASTER AND SERVANT.—*Injuries to Servant.—Assumption of Risk.—Statutory Provisions.—Apparent Danger.*—Under §8020b Burns 1914, Acts 1911 p. 145, providing that in actions brought against any employer for the injury or death of an employe it shall not be a defense that the dangers or hazards inherent or apparent in the employment contributed to the injury, an "apparent danger" is one of the existence of which the employe has knowledge, actual or constructive, and such action is in substance that the fact that dangers existing by reason of the employer's negligence and of which the employe had knowledge, actual or constructive, contributed to the latter's injury is not a defense to an action for such injury brought under the Employers' Liability Act, Acts 1911 p. 145, §8020a *et seq.* Burns 1914. p. 685.

11.  MASTER AND SERVANT.—*Injuries to Servant.—Action.—Defenses. —Contributory Negligence.—Employers' Liability Act.*—Under §8020b Burns 1914, Acts 1911 p. 145, providing that, in actions prosecuted under the act, the burden of proving that the injured employe did not use due care and diligence shall be on the defendant, and eliminating the defense of contributory negligence where the injury complained of resulted from the employe's obedience or conformity to an order, and §8020f Burns 1914, Acts 1911 p. 145, providing that all questions of contributory negligence shall be questions of fact, the defense of contributory negligence is available where the element of obedience or conformity to an order is not involved.   p. 687.

12. MASTER AND SERVANT.—*Injuries to Servant.—Assumed Risk.—Contributory Negligence.*—The defense of assumed risk is ordinarily regarded as predicated upon the theory that the employe, as an element of his contract of employment, has agreed to relieve his employer from liability for injuries from inherent or apparent hazards in the employment, while the defense of contributory negligence is based on the fact that the employe's manner of meeting the hazards was not consistent with reasonable care. p. 689.

13. MASTER AND SERVANT.—*Injuries to Servant.—Action.—Defenses.—Contributory Negligence.—Statutory Provisions.*—Under §8020c Burns 1914, Acts 1911 p. 145, providing that no employe shall be held to have assumed the risk of any defect in the place of work, tool, implement or appliance, which defect was known to the employer, or might have been known to him by the exercise of ordinary care, in time to repair or discontinue the use of such defective place, etc., and §8020b Burns 1914, Acts 1911 p. 145, eliminating the defense that hazards and dangers inherent or apparent in the employment contributed to the injury, the mere fact that an employe with knowledge of the hazard attempts to use a defective place, etc., or that the employe in prosecuting the work knowingly encounters an apparent hazard which contributes to his injury, does not constitute a defense to actions brought under the Employers' Liability Act, Acts 1911 p. 145, §8020a *et seq.* Burns 1914, either by the application of the doctrine of assumed risk or the principle of contributory negligence, and whether the latter principle may be interposed as a defense depends upon whether the employe's manner of encountering the hazard is characterized by the exercise of care commensurate with the known or apparent gravity of the hazard. p. 696.

14. MASTER AND SERVANT.—*Injuries to Servant.—Actions.—Liability of Master.—Assumption of Risk.—Employer's Liability Act.*—Under §8020c Burns 1914, Acts 1911 p. 145, providing that the burden of proving that the employer did not have knowledge, actual or constructive, of defects in tools, etc., a sufficient time before an injury to an employe to have made repairs or discontinued the use of a defective appliance, shall be on the employer, and §8020b Burns 1914, Acts 1911 p. 145, providing that it shall not be a defense to an employe's action for injuries that the dangers or hazards inherent or apparent in the employment contributed to the injury, even though the defense of assumption of risk is not eliminated where the employer proves want of knowledge, the right to interpose such a defense is of no value, since proof of lack of knowledge shows absence of negligence which is itself sufficient to defeat the cause of action. pp. 700, 702.

**15.** MASTER AND SERVANT.—*Injuries to Servant.—Action.—Evidence.—Defective Appliances.—Liability.*—Where plaintiff, in an action brought under the Employers' Liability Act, Acts 1911 p. 145, §8020a *et seq.* Burns 1914, for injuries to, or the death of, a servant, has proved a defect in the working place, tool, etc., furnished by the employer, and the consequent injury, a *prima facie* case has been made against the employer. p. 701.

From Lake Superior Court; *Johannes Kopelke,* Judge.

Action by Mike Martinecz against the Standard Steel Car Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Peter Crumpacker* and *F. C. Crumpacker,* for appellant.

*George B. Sheerer* and *Walter J. Lotz,* for appellee.

CALDWELL, C. J.—Appellee was in appellant's employ December 6, 1912, working as a fitter in the car erection department of appellant's plant at Hammond, Indiana. His employment commenced in May, 1912. The complaint discloses that appellant had equipped such department with large emery stones, which were kept constantly revolving at a high rate of speed during working hours. The stones were designed to be and were used by the employes in sharpening tools as needed, and in shaping car parts when required to make them fit accurately. Each stone was equipped with a metallic rest, bolted to the frame work of the stone, and used to support the tool or car part while being ground. On December 6, 1912, appellee was shaping a small piece of steel plate by grinding it on one of the stones, preparatory to using it in wedging up a metallic post of a car which he was erecting. While doing so, his left hand came in contact with the rapidly revolving stone, and as a consequence two fingers were severed, and he was

otherwise injured. He brought this action to recover for such injuries. A trial resulted in a verdict for $1,500, in his favor, on which judgment was rendered.

The wrongful conduct charged in the complaint is in substance that appellant had negligently permitted the rest with which the stone was equipped to become loose, so that, when the stone was being used, the rest was likely to swing downward and forward, and thus bring the hand of the operator in contact with the stone; and also that appellant had negligently permitted the stone to become irregular in shape, and had permitted large, hard lumps to be formed upon the grinding surface, and that as a consequence, such irregularities and lumps were liable to catch any article being ground, and thus jerk the operator's hand into contact with the stone. It is alleged in substance that the negligence charged was the proximate cause of the injury suffered. The complaint is not challenged. The parties agree that it is predicated upon the act of 1911. Acts 1911 p. 145, §8020a *et seq.* Burns 1914.

Appellant urges the question of the invalidity of such act. Its constitutionality has been determined by the Supreme Court. *Vandalia R. Co.* v.

1. *Stillwell* (1913), 181 Ind. 267, 104 N. E. 289, Ann. Cas. 1916D 258; *Terre Haute, etc., R. Co.* v. *Weddle* (1915), 183 Ind. 305, 108 N. E. 225; *Kingan & Co.* v. *Clements* (1915), 184 Ind. 213, 110 N. E. 66; *Kokomo Brass Works* v. *Doran* (1915), 59 Ind. App. 583, 105 N. E. 167.

The case last cited has received the approval of the Supreme Court by the denial of a transfer.

Appellant directs points to the insufficiency of the evidence in but two respects: (1) That it does

2. not appear that the negligence charged was the proximate cause of the injury suffered; (2)

that the evidence establishes affirmatively that appellant did not have actual knowledge of the alleged defects, and that it does not appear that they were in existence a sufficient time prior to the injury to enable appellant to know of their existence, and to repair them or discontinue the use of the defective equipment. On the question of constructive knowledge suggested by the second point, §3 of the act of 1911 (§8020c Burns 1914) places the burden of proof on the employer. It follows that in order that the evidence may be held to be insufficient in that respect, it must appear affirmatively therefrom that appellant was not chargeable with such knowledge in time to repair, etc.

Appellant, by urging the insufficiency of the evidence only in the respects indicated, impliedly concedes its sufficiency in all other features, and as to all other elements. This concession includes the existence of materially defective equipment as alleged, and consequently the existence of actionable negligence, except as such element is involved in the points urged. It also includes the absence of contributory fault on the part of appellee, and also the nonassumption of risk by him, except as the latter element is also involved in the points urged against the sufficiency of the evidence.

Appellant frankly recognizes the well-established principle that the question of what was the proximate cause of a particular injury is usually one of fact for the jury to determine under proper instructions, and that it becomes a question of law for the court only when the essential facts bearing upon it are undisputed, and where from such facts but one conclusion may reasonably be drawn.

The first point urged against the sufficiency of the evidence becomes material for the reason that, unless

it appears that the negligence alleged and proved was the proximate cause of appellee's injury, such negligence is not actionable.

Appellant does not specifically direct our attention to the importance of the second point urged against the sufficiency of the evidence, in the consideration of any question involved here. It might have some bearing on the issue of negligence, but appellant does not so apply it, nor does appellant specifically contend that the evidence is insufficient to establish negligence as charged. The language in which such point is framed indicates, however, in view of certain provisions of the act of 1911, that appellant intends to direct such point to the issue of assumed risk. Such provisions are found in §3 of the act (§8020c Burns 1914), and are as follows: "In any action brought against any employer under the provisions of this act to recover damages for injuries to or the death of, any of his, its or their employes, such employe shall not be held to have assumed the risk of any defect in the place of work furnished to such employe, or in the tool, implement or appliance furnished him by such employer, where such defect was, prior to such injury, known to such employer or by the exercise of ordinary care might have been known to him in time to have repaired the same, or to have discontinued the use of such defective working place, tool, implement or appliance," and that that burden of proving such want of knowledge shall be on the defendant.

We proceed to consider the scope of the second point in its relation both to the issue of assumed risk and the issue of negligence. Assuming, for purposes of the present discussion, that such point is well taken, and that it affirmatively appears from the evidence that appellant did not have knowledge, actual or constructive, of the defects

complained of for a sufficient length of time prior to the injury to have enabled repairs to be made or the use of the defective appliance to be discontinued, in the exercise of ordinary care, still, under such state of facts alone, the application of the principle of assumed risk would not defeat appellee's right to recover. The application of such principle would not defeat his right to recover at common law, if it appeared also from the evidence that appellee did not have knowledge, actual or constructive, of the defects complained of, or that he did not know or appreciate the hazards thereof. *Wright* v. *Chicago, etc., R. Co.* (1902), 160 Ind. 583, 66 N. E. 454.

Appellant directing no point to the contrary, it should be taken as conceded, if essential to a determination of this cause, that the evidence discloses affirmatively that appellee did not have such knowledge, and that he did not understand or appreciate such hazard. It follows that appellant must fail as to such second point, even were the issue of assumed risk involved in this action and governed by common-law principles. However, by the second section of such act (§8020b Burns 1914), it is provided that: "In actions brought against any employer under the provisions of this act for the injury or death of any employe, it shall not be a defense that the dangers or hazards inherent or apparent in the employment in which such injured employe was engaged, contributed to such injury." The fact that the dangers or hazards were apparent could have no greater effect in its relation to appellee than to charge him with knowledge thereof. It thus appears that, assuming that it affirmatively appears from the evidence that appellant did not have knowledge as contended in the point under discussion, and

that appellee did have knowledge as indicated, still by the express provisions of the statute his right to recover could not be defeated by an appeal to the doctrine of assumed risks. *Vandalia R. Co.* v. *Stillwell, supra,* 271. It thus appears that the point under consideration, if conceded to be true, could not avail appellant anything, if directed solely to the issue of assumed risk. We do not consider the statutory provision in its relation to the issue of contributory negligence, since appellant directs no point to the proposition that the evidence establishes that appellee was guilty of contributory negligence.

Although, as we have indicated, appellant does not specifically contend that the evidence is insufficient to establish the negligence charged, yet as the 7. point under discussion may bear some relation to such issue, we proceed to its further consideration. Negligence is the gist of all actions maintainable under the act of 1911. *Vandalia R. Co.* v. *Stillwell, supra.* Under the provisions of §2 of such act (§8020b Burns 1914), as above quoted, while in case of inherent or apparent dangers or hazards, the principle of assumed risk may not be applied to defeat a recovery, the absence of negligence on the part of defendant would have such effect. That is, where the inherent or apparent dangers involved in the use of the equipment are made to appear, regardless of other facts and circumstances, unless actionable negligence is established as against the master, an action cannot be maintained.

Resuming our consideration of the quoted provisions of §3 of the act (§8020c Burns 1914), if the facts contended for in the point under discus- 8. sion are true, and if the evidence discloses affirmatively that appellant did not have knowledge, actual or constructive, a sufficient time before

the injury to have enabled repairs to be made or the use of the defective appliance discontinued by the exercise of reasonable diligence, it would follow that the evidence is insufficient to charge appellant with actionable negligence. As between master and servant, in order that the former may be chargeable with actionable negligence for failure to repair, when the action is governed by the common law, it must appear that he had knowledge actual or constructive, of the defect complained of, and that he had such knowledge a sufficient time prior to the injury to have enabled him by the exercise of reasonable care to have remedied the defect or to take other steps for the protection of the servant. *Malott* v. *Sample* (1904), 164 Ind. 645, 74 N. E. 245. The rule is the same under the statute, except that by its terms the burden of proving that he did not have such knowledge is placed upon the employer. §8020c Burns 1914, *supra; Vandalia R. Co.* v. *Stillwell, supra; Deer* v. *Suckow Co.* (1915), 60 Ind. App. 277, 110 N. E. 700.

With these principles in mind, we proceed to a review of the evidence bearing on both points made by appellant against its sufficiency. The emery

9.  stones in use in appellant's plant, on one of which appellee was injured, were twenty-four inches in diameter, and were held in position on the shaft by a circular plate on either side eight inches in diameter. The stones were kept constantly revolving during working hours at a speed of 1,300 revolutions per minute. When a stone became worn down to the circular plates, it was removed and a new one installed. The substitution required but a few minutes. The life of a stone was from two to three months. The rest was fastened to the metallic frame of the stone by two bolts, and was adjusted so as to be within a fraction of an inch of the grinding surface,

and as the latter was worn away by use, the bolts were loosened and the rests adjusted to the proper distance. The rests were so adjusted on an average of once a day, sometimes oftener. The stone upon which appellee was injured had been in use about six weeks. When installed it was uniformly circular, and its cutting surface at right angles to its diameter. There was evidence that on the morning of the accident and prior thereto one edge of the cutting surface was higher than the other, the circumference crooked, and the stone egg-shaped. Also that, two or three days before the accident, the rest was discovered to be loose, and that on the morning of the accident and prior thereto it was loose to the extent that it had about three-fourths of an inch motion. The evidence on the subject of the condition of the stone and rest was sharply contradictory. There were two millwrights assigned to the car erection department in which appellee worked, charged with the specific duty of inspecting, adjusting and repairing equipments, including emery stones. One of the millwrights testified that he adjusted the rest on the involved stone the evening before, and the other that he adjusted it the morning of the accident, and prior thereto. The workmen who used the stones had no authority to repair or adjust them in any particular. This duty rested exclusively on the millwrights. For the most part only small stuff was fitted by grinding. The large pieces were usually clipped. Appellant's foreman testified that, if the stones were irregular, it would jerk a small piece of material from the hands of the operator while trying to grind it, or that there would be a tendency to that effect. Supplementing facts stated in our abstract of the complaint, there was evidence that appellee received his injury under the following conditions: In fitting a metallic post

into the structure of a car he was erecting, he discovered that the post was short. First obtaining the sanction of the foreman, appellee selected a piece of steel plate about ten inches long and three inches wide to use in wedging the post up. As it had a rough edge, he went to the stone for the purpose of smoothing it. Supporting it on the rest and holding it with both hands, he brought it in contact with the stone, which caught it and turned it in his hands and brought his left hand in contact with the stone. The contact in addition to inflicting other injuries, severed two fingers.

In considering the points now under discussion, we are bound to accept as true that the stone was irregular in contour as indicated. We are bound so to accept it for the reason that there was evidence to that effect. We are likewise and for the same reason bound to accept as true that shortly before the accident and also several days prior thereto the rest was loose. As we have indicated, there was also evidence that a stone irregular in shape would be likely to jerk from the operator's hands a piece of steel being ground. Perhaps common experience even, in the absence of expert evidence, would teach that fact not only respecting a stone irregular in shape, but also respecting a loose rest. These facts are by no means conclusive that the defects complained of caused the injury, but in our judgment, they make a case properly submitted to the jury on the issue of proximate cause. On this subject the following is said in *Lunde v. Cudahy Packing Co.* (1908), 139 Ia. 688, 117 N. W. 1063: "A cause being shown which might produce an accident, and it further appearing that an accident of that particular character did occur, it is a warrantable inference, in the absence of showing of other cause, that the one known was the operative

agency in bringing about such result." See, also, *Rase* v. *Minneapolis, etc., R. Co.* (1909), 107 Minn. 260, 120 N. W. 362, 21 L. R. A. (N. S.) 138. Considering the evidence as to the life of a stone, and the fact that in use it was gradually worn away, it is a reasonable deduction from the evidence that the stone had gradually become irregular in shape, and that a growing condition to that effect had existed for some time prior to the injury. Employes charged with no duty of inspection discovered the condition of the stone on the morning of the accident, and prior thereto. There were other employes in the same department, as we have said, charged with the sole duty of inspection and repair. If the defects complained of were in fact known to appellant, the discontinuance of the use of the defective appliance would have been practically an instantaneous process, and their repair or substitution a matter of a few minutes. We believe that the defects complained of were shown to have existed a sufficient length of time prior to the injury, so that by the exercise of reasonable diligence the appellant could have discovered and remedied them.

We therefore hold that the evidence is sufficient to sustain the verdict as against both points urged against it.

Appellant challenges the action of the court in giving a number of instructions and in refusing others. It would serve no useful purpose for us to 10. set out such instructions or their substance, or to review them in detail. It is sufficient to . say that such instructions in the main involved various phases of the principles of assumed risk and contributory negligence, as predicated upon certain provisions of the act of 1911. The question of error in the matter under consideration depends on whether the court properly

interpreted such act, and especially the third sentence of §2 and the second sentence of §3 (§§8020b, 8020c Burns 1914, *supra*). These provisions of the act have hereinbefore been set out, and we proceed to their further analysis. Each deals with the question of assumed risk. As negligence on the part of the employer is the essence of liability under all the provisions of the act, the question of assumed risk becomes unimportant in its relation to inherent or apparent dangers or hazards, and likewise in its relation to defects in place, tool, implement, etc., unless such dangers, hazards or defects are the result or exist by reason of the employer's negligence. The question of assumed risk becomes unimportant under the circumstances indicated, for the reason that the absence of negligence on the part of the employer would defeat any action brought under the act, and as a consequence there would be no occasion to resort to the defense of assumed risk to that end. *Terre Haute, etc., Traction Co.* v. *Young* (1913), 56 Ind. App. 25, 36, 104 N. E. 780; *Scheurer* v. *Banner Rubber Co.* (1909), 227 Mo. 347, 126 S. W. 1037, 28 L. R. A. (N. S.) 1207, note 1215, 21 Ann. Cas. 1110.

The complaint in the case at bar is not predicated on the theory that the equipment, in the use of which appellee received his injury, was inherently dangerous. The theory rather is that the equipment became defective and dangerous by reason of the employer's negligence. The situation then suggests the presence of a danger possibly apparent rather than inherent. An apparent danger in its relation to an employe is one of the existence of which he has knowledge, actual or constructive. As a practical as well as a legal proposition then, the first statutory provision above set out is to the effect that the fact that dangers existing by reason of the employer's negligence and of which the

employe had knowledge, actual or constructive, contributed to the latter's injury, is not a defense in any action brought under the act to recover for such injury.

The second statutory provision above referred to is not materially different from the first in legal effect. The former is merely a sort of concrete application of the latter. Its legal scope is that where defects exist in place, etc., by reason of the employer's negligence in failing to discover or repair, or to discontinue the use of such place, etc., the fact that the employe had knowledge, actual or constructive, of the defect and of the danger incident is not a defense in an action brought under the act to recover for an injury suffered by the employe in the use of such place, etc. The effect of the statutory provisions which we are considering is the abolition of assumption of risk as a defense in situations to which they are applicable. *Vandalia R. Co.* v. *Stillwell, supra; Deer* v. *Suckow Co., supra; Benkowski* v. *Sanders, etc., Co.* (1915), 60 Ind. App. 374, 109 N. E. 924. By §2 (§8020b Burns 1914, *supra*) it is provided that in actions prosecuted under the act, the burden of proving that the injured or killed employe did not use due care and diligence shall be on the defendant, and by §7 (§8020f Burns 1914, *supra*) that all questions of contributory negligence shall be questions of fact. It follows that the defense of contributory negligence, being thus recognized and regulated, remains in actions brought under the act, except as to situations respecting which it is eliminated by other provisions of the act. It is held that by the provisions of the last sentence of §2 (§8020b Burns 1914) such defense is eliminated where the injury complained of resulted from the employe's obedience or conformity to any order, etc. *Doan* v. *E. C. Atkins & Co.* (1915), 184

Ind. 678, 111 N. E. 312; *Chicago, etc., R. Co.* v. *Steele* (1915), 183 Ind. 444, 108 N. E. 4; *Vandalia R. Co.* v. *Stillwell, supra.*

The question of the availability of contributory negligence as a defense where the injury complained of does not result from the employe's obedience or conformity to an order, but in whole or in part from the manner in which the employe executes the order, is not involved or decided in the cases above cited. The statutory provisions which we are considering do not purport to eliminate such defense. We therefore conclude that in actions governed by such provisions and where the element of obedience or conformity to such an order, etc., is absent, such defense remains. In the case at bar, no question of such an order is involved. In this case, therefore, the defense of contributory negligence is available.

While the circumstances under which a defendant may resort to the respective defenses of assumed risk and contributory negligence have thus been outlined by the decided cases to the extent indicated, the situation or conduct from which the one defense, rather than the other, may be evolved in actions brought under the act has not been clearly determined. The question thus suggested is of the utmost importance in the case at bar, for the reason that the instructions here deal with both defenses. As we have said, by the terms of the act, the one defense is eliminated—the other remains. Directing our attention concretely to the case here, and assuming that appellee's use of the defective equipment was accompanied by an apparent danger in some degree, such involved danger may have been in any one of several degrees: Thus (1) it may have been so apparent and imminent and of such a threatening nature that no man of ordinary prudence would have encountered it; or (2) the facts may have been such that reasonable minds might

differ respecting the feasibility of safely encountering it; or (3) such that any person of reasonable prudence might have believed that it could be safely encountered. If an apparent danger in any one of the three assumed degrees in fact existed, appellee's manner of encountering it, as distinguished from the mere fact of encountering it, may have been negligent or may have been characterized by the exercise of reasonable care. Also, his injury may have resulted from the mere fact that he encountered the danger, or it may have resulted from his manner of encountering it, or from the fact and manner operating in conjunction. In other words, in using the defective equipment he may have proceeded with care commensurate with its condition, and, notwithstanding such care, he may have been injured solely by reason of the defects; or the mere fact that he attempted to use the equipment may not have caused his injury, but, while attempting to use it, he may not have exercised the requisite degree of care considering its defective condition and as a result suffered his injuries, or his injuries may have resulted from both causes operating together.

Such presentation of the possibilities of the situation indicates the logical distinction, not always clearly drawn by the courts, between the defenses of

12. assumed risk and contributory negligence. Stated generally, the defense of assumed risk is ordinarily regarded as predicated upon the theory that the employe, as an element in his contract of employment, has agreed for a consideration to relieve his employer from liability for injuries which the former may suffer by reason of inherent or apparent hazards in the employment; while contributory negligence, where it is effective as a defense, is based on the fact

that the employe's manner of meeting such hazards was not consistent with reasonable care. The distinction is clearly drawn in *Davis Coal Co.* v. *Polland* (1901), 158 Ind. 607, 62 N. E. 492, 92 Am. St. 319, as follows: "Assumption of risk is a matter of contract. Contributory negligence is a question of conduct. If appellee were to be defeated by the rule of assumed risk, it would be because he agreed, long before the accident happened, that he would assume the very risk from which his injury arose. If appellee were to be defeated by the rule of contributory negligence, it would be because his conduct, at the time of the accident and under all of the attendant circumstances, fell short of ordinary care." The distinction is stated rather more broadly in *Pittsburgh, etc., R. Co.* v. *Hoffman* (1914), 57 Ind. App. 431, 107 N. E. 315, to the effect that, where the principle of assumed risk defeats an action to recover for an injury, "it is because of the situation that the person involved voluntarily and knowingly assumes. Contributory negligence defeats him by reason of careless conduct in a given situation." See, also, *Union Pacific R. Co.* v. *O'Brien* (1895), 161 U. S. 451, 16 Sup. Ct. 618, 40 L. Ed. 766, wherein the Federal Supreme Court uses the following language: "The second instruction was properly refused because it confused two distinct propositions, that relating to the risks assumed by an employe in entering a given service and that relating to the amount of vigilance that should be exercised under given circumstances." See, also, *Columbia Creosoting Co.* v. *Beard* (1909), 44 Ind. App. 310, 89 N. E. 321; *St. Louis Cordage Co.* v. *Miller* (1903), 126 Fed. 495, 61 C. C. A. 477, 63 L. R. A. 551; *Washington, etc., R. Co.* v. *McDade* (1889), 135 U. S. 554, 10 Sup. Ct. 1044, 34 L. Ed. 235; *Narramore* v. *Cleveland, etc., R. Co.* (1899), 96 Fed. 298, 37 C. C. A. 499, 48 L.

R. A. 68; *Heese, Admx.,* v. *Columbus, etc., R. Co.* (1898), 58 Ohio St. 167, 50 N. E. 355.

The courts, however, apparently do not carry the distinction between the two defenses to its logical conclusion. Thus, with a harmony approaching unanimity, it is held that, where the apparent danger involved in a given situation is so glaring and imminent that no person of ordinary prudence would encounter it, the fact that the employe does encounter it convicts him of contributory negligence regardless of the care exercised by him in such situation. Thus the following language is used in *Davis Coal Co.* v. *Polland, supra,* at page 619: "If assumption of risk is the issue, knowledge of defective conditions and acquiescence therein are fatal. If contributory negligence is the issue, knowledge of defective conditions and acquiescence therein may be fatal, may be not; depending on whether a person of ordinary prudence, under all the circumstances, would have done what the injured person did. If the risk is so great and immediately threatening that a person of ordinary prudence, under all the circumstances, would not take it, contributory negligence is established. If the risk is not so great and immediately threatening but that a person of ordinary prudence, under all the circumstances, would take it, contributory negligence is not established." See, also, *Stuart* v. *New Albany Mfg. Co.* (1895), 15 Ind. App. 184, 43 N. E. 961. Where the apparent hazard is of a degree that no person of ordinary prudence would encounter it, the courts sometimes declare, in actions governed by the common law, that not only the principle of contributory negligence, but also the doctrine of assumed risk, will defeat a recovery, and that under such circumstances one defense cannot be differentiated from the other. Thus, of a situation wherein the employe has knowl-

edge of the defective equipment, and the danger is so imminent that a person of ordinary prudence would not continue the work, it is said in *A. L. Clark Lumber Co.* v. *Johns* (1911), 98 Ark. 211, 135 S. W. 892, that the employe "not only assumes the risk, but is guilty of contributory negligence. This is where the doctrine of contributory negligence and assumed risk approximate so that they are indistinguishable." See, also, *Chicago R. Co.* v. *Crotty* (1905), 141 Fed. 913, 73 C. C. A. 147, 4 L. R. A. (N. S.) 832; *Johnson* v. *Mammoth Vein Coal Co.* (1908), 88 Ark. 243, 114 S. W. 722, 123 S. W. 1180, 19 L. R. A. (N. S.) 646; *Choctaw, etc., R. Co.* v. *McDade* (1903), 191 U. S. 64, 24 Sup. Ct. 24, 48 L. Ed. 96; *Rase* v. *Minneapolis, etc., R. Co. supra,* and notes. Some courts minimize the distinction between the two defenses to the extent that the assumption of risk is apparently treated as a mere form of contributory negligence. See *Johnson* v. *St. Paul, etc., Coal Co.* (1906), 126 Wis. 492, 105 N. W. 1048.

Of the doctrine that the fact that a person exposes himself to apparent dangers so imminent that a man of ordinary prudence would have refused to encounter them constitutes contributory negligence, regardless of the degree of care exercised while in the midst of the hazard, Labatt in the third volume of his work on Master and Servant, §1237, says in a note that such doctrine "may possibly be regarded as an outcome of the curious laxity with which the defenses of assumed risk and contributory negligence have sometimes been treated by the courts." The same author says in his concluding remarks to a note to *Limberg* v. *Glenwood Lumber Co.* (1900), 49 L. R. A. 33, that the summary of cases reviewed by him in such note "sets in a strong light two deplorable consequences sometimes amounting to a miscarriage of justice, which an inaccurate terminology and logical laxity have com-

bined to produce, and shows that it is high time for every lawyer who attaches a proper value to clarity of thought and precision of language to devote special attention to seeing, that both in the conduct of trials, and in the examination of cases in courts of review, the defenses shall be properly differentiated.''

The Supreme Court of the United States, in deciding a case governed by a federal statute that abolished the defense of assumption of risk, and in discussing the relation between that defense and contributory negligence, said that: ''Unless great care be taken, the servant's rights will be sacrificed by simply charging him with assumption of the risk under another name.'' *Schlemmer* v. *Buffalo, etc., R. Co.* (1906), 205 U. S. 1, 27 Sup. Ct. 407, 51 L. Ed. 681.

There seems to be some confusion in terminology in our own decisions. Thus, in *Louisville, etc., R. Co.* v. *Sandford* (1889), 117 Ind. 265, 19 N. E. 770, a case not involving a statute, the following language is used: ''Where the danger is not immediate and certain, a man may assume the risk without violating the rule last stated (the rule of public policy that society has an interest in the lives of its members), but in doing so he divests himself of a right to recover from his employer in cases where the danger is fully and seasonably brought to his knowledge, since the known danger becomes in such cases one of the risks he assumes as an incident of his service. He may not be guilty of contributory negligence in taking some risk, since he may be doing what other reasonably prudent men likewise do; but, like all the others in the common service in which he engages, he assumes all the risks arising from dangers of which he has full notice, by continuing in service after he obtains that knowledge.'' It will be observed that the quoted language deals only with the fact that a person

encounters a known danger. The conduct of such person respecting his manner of encountering the danger, and whether such conduct is negligent or characterized by due care, is not discussed. The fact of knowingly encountering a hazard not immediate and certain is referred to as an assumed risk. It is next suggested that a man may take some risks without being chargeable with contributory negligence. Following is the statement that he assumes all the risk of which he has notice. That the language is somewhat confusing is apparent.

With the state of the law in mind, as announced by the decided cases, we return to a consideration of those provisions of the act of 1911 involved in this action. As the defense of contributory negligence remains available under some circumstances, and it having been determined, as indicated, that by the particular provisions of the act involved here the defense of assumed risk is eliminated, our problem is to ascertain just what state of facts renders the former defense effective to defeat actions brought under the act. The importance of this problem is suggested but not solved in the recent case of *Seabord, etc., Railway* v. *Horton* (1915), 239 U. S. 595, 36 Sup. Ct. 180, 60 L. Ed. 458, decided by the Federal Supreme Court. After citing authorities to the effect that courts are not in entire harmony whether the fact that an employe remains at work in the presence of a known danger so imminent that no reasonably prudent man would encounter it, presents a question of assumed risk rather than a question of contributory negligence, the court said: ''The distinction, which was of little consequence when assumption of risk and contributory negligence led to the same result, becomes important in actions founded upon the Federal Employer's Liability Act, which in ordinary

cases recognizes assumption of risk as a complete bar to the action, while contributory negligence merely mitigates the damages.''

We have earlier in this opinion outlined three degrees of hazard, one of which must be involved in the use of any defective equipment. If it be held that where a hazard of the first degree exists—that is, a hazard so apparent and imminent, and of such a threatening nature that no man of ordinary prudence would encounter it, and where it appears that the mere fact of attempting to use the equipment was the sole cause of the injury, the principle of contributory negligence, as that term is used in the act, is aroused, and that as a matter of law the right to recover is thereby defeated, then what shall be said where the hazard is only of the second degree—that is, where the facts are such that reasonable minds might differ respecting the practicability of safely encountering it? The latter case merely presents a question to be determined by the tribunal charged with the duty of trying the facts. Such determintion might be to the effect that the hazard actually existing is of the first degree. In such case if the principle of contributory negligence, as that term is used in the act, defeats an action where a hazard of the first degree exists, why must not the law be applied with a like effect where a second degree hazard is determined to be in fact a hazard of the first degree? That is, it seems apparent that, if the principle of contributory negligence will as matter of law defeat an action where the court must say from the facts that the hazard is of the first degree, the same principle must be applied with like effect and as matter of law where the hazard has been determined by a proper submission to be of the first degree. But assume that the court may say as matter of law that a hazard only in the third degree exists,

or that such fact is properly determined, that is, that all men of reasonable prudence would believe that it could be safely encountered, if care be exercised commensurate with the apparent danger. In such case, and if such degree of care be used, it can scarcely be said that an employe is guilty of contributory negligence, as that term is used in the act, or in any other connection, by reason of the mere fact that he attempts to use a defective equipment, or by reason of the manner in which he uses it. This follows because all men of reasonable prudence would believe that the hazard could be safely encountered, and because in encountering it the employe exercised commensurate care. In such case, however, an application of the principle of assumed risk would defeat a common-law action brought to recover for an injury suffered in the use of defective equipment, for the reason that the hazard was knowingly and voluntarily encountered; but, of course, it would not be available in an action brought under a statute that eliminated such defense. The narrow limits within which the scope of influence of such a statute must be confined appears from the foregoing illustrations, if the doctrine of contributory negligence in actions brought under the statute must be extended as indicated. In determining whether such doctrine must be so extended, language as follows, used in *Schlemmer* v. *Buffalo, etc., R. Co., supra,* is pertinent: "Unless great care be taken, the servant's rights will be sacrificed by simply charging him with assumption of the risk under another name."

The Legislature in the act of 1911 plainly declared in substance that in actions brought under the act, the employe is not to be held to have 13. assumed the risk of any defect in place, tool, implement or appliance, of the existence of

Standard Steel Car Co. *v.* Martinecz—66 Ind. App. 672.

which defect the employer had actual or constructive knowledge in time to have remedied it or to have discontinued the use of such defective place, etc., by the exercise of reasonable diligence; also, that the fact that apparent dangers in the employment contributed to the injury shall not be a defense. We conclude that such provisions of the act mean exactly what they say. We do not feel warranted in construing the act to mean that the employer is absolved from liability where, by reason of his gross culpability in equipping or operating his plant he has created or permitted to arise a hazard glaring and imminent, but that where he has been negligent in a degree less culpable, thereby creating a danger less apparent, he shall be chargeable. We therefore hold that in actions brought under the act, the mere fact that an employe with knowledge of the hazard attempts to use a place, tool, implement or appliance furnished by the employer for his use, and defective under the circumstances specified by that part of the third section of the act now under consideration, or the mere fact that the employe in prosecuting the work knowingly encounters an apparent hazard which contributes to his injury, does not constitute a defense in actions brought under the act, either by the application of the doctrine of assumed risk or the principle of contributory negligence. As to whether the latter principle may be applied to defeat an action depends on whether his manner of encountering the hazard, or his conduct while encountering it, is characterized by the exercise of care commensurate with the known or apparent gravity of the hazard.

A further analysis confirms us in our conclusion. Where an employe voluntarily encounters a known hazard, his assuming the risk thereof in its relation

to the probabilities of his suffering an injury thereby, cannot be nullified or minimized by legislative enactment. It is within the power of the legislature, however, to declare that the mere fact that he assumes the risk in the sense that we are now using the term, shall not constitute a defense in an action brought to recover for such injury. It is evident that language in the act to the effect that under certain circumstances the employe shall not be held to have assumed the risk really means that the fact that he did assume the risk in the relation above indicated shall not constitute a defense. With these preliminary remarks, we return to an analysis of the act: It will be observed that the second section (§8020b Burns 1914), supra, consists of four complete sentences; the third section consists of three complete sentences, the first being compound. It will also be observed that the first clause in the first sentence of the third section is very similar to the second sentence of the second section. The chief difference consists in that by the former it is provided in substance that the employe shall not be held to have assumed the risk in any case involving the violation of an ordinance, etc., while the latter is to the effect that such employe shall not be held to have been guilty of contributory negligence by reason of the assumption of the risk thereof in any case, involving, etc. The second sentence of the second section is confusing unless there be assigned to the phrase "the assumption of the risk thereof," a meaning as above indicated. That is, that the defense of contributory negligence cannot be predicated on the mere fact that the employe took his chances. It is evident that the Legislature has used the phrase in such sense. Now we have developed from a consideration of the decided cases that the courts with practical uniformity, where not controlled by statute, hold

that contributory negligence may under some circumstances be predicated on the mere fact that the injured employe took his chances; also, that in some instances, the courts hold that where the apparent danger is extremely grave, as we have indicated, the two defenses approximate, and that the application of either will defeat a recovery. It therefore seems evident to us that §2 and §3 of the act of 1911 were directed by the legislature to the state of the law as existing, and that the legislature intended to declare and did declare that where the employe takes chances under the circumstances outlined by such sections, regardless of whether the fact that he does so is classed as an assumption of risk or as contributory negligence, it shall not constitute a defense, thus limiting the issue of contributory negligence to an inquiry whether the conduct of the employe while encountering the hazard was characterized by due care. It was the evident legislative intent to hold the employer responsible for his own negligence in the particulars indicated by the act, and for the hazards which he thereby created, relieving him only in case the employe's manner of encountering the hazard, as distinguished from the fact that he encountered it, did not measure up to the standard of reasonable care. A like analysis of the third sentence of the second section, and the second sentence of the third section, and the fourth sentence of the second section, and the second clause of the first sentence of the third section will lead to a like conclusion. See *Dumphy* v. *New York, etc., R. Co.* (1907), 196 Mass. 471, 82 N. E. 675, 13 L. R. A. (N. S.) 1152 and note; *Schlemmer* v. *Buffalo, etc., R. Co.* (1910), 220 U. S. 590, 31 Sup. Ct. 561, 55 L. Ed. 596; *Indiana Quarries Co.* v. *Farmer* (1915), 184 Ind. 411, 110 N. E. 549; *American Car, etc., Co.* v. *Wyatt* (1914), 58 Ind. App.

161, 170, 108 N. E. 12.   The following cases involve the question of a choice of ways, the one safe, the other perilous, in which a known hazard may be met, and are therefore not out of harmony with our conclusion:   *Jenney Electric Mfg. Co.* v. *Flannery* (1912), 53 Ind. App. 397, 98 N. E. 424; *Kingan & Co.* v. *Gleason* (1913), 55 Ind. App. 684, 101 N. E. 1027.

When measured by the act of 1911, as herein interpreted, appellant has no just ground to complain of the instructions given or refused.   There is no substantial error in the matter of the admission or exclusion of evidence.

The judgment is affirmed.

### On Petition for Rehearing.

Caldwell, C. J.—Appellant in its brief, in support of a petition for a rehearing, contends that our construction of the second sentence of §3 of the act of 1911 (Acts 1911 p. 145, §8020a Burns *et seq.* 1908), as indicated by our original opinion, is erroneous.   That sentence is set out in the original opinion, and is to the effect that in actions brought under the act, the employe involved shall not be held to have assumed the risk of defects in the place of work, tool, implement or appliance furnished him by the employer, where the employer had actual or constructive knowledge of the defect in time to have made repairs, or to have discontinued the use of such defective place, etc., by the exercise of reasonable diligence.

Appellant assumes that we held that in all cases brought under the act wherein negligence is predicated on defects in place, etc., the prior right of the employer to appeal to the principle of assumed risk to defeat the action is, by the language of that part of the enactment under consideration, eliminated. Appellant's argument is that such language, literally

interpreted, is to the effect that the right to resort to the principle of assumed risk is destroyed only in those cases where the employer fails to establish that he did not have knowledge actual or constructive as aforesaid, and that in all other cases, as where the employer does establish his want of such knowledge, the potency of the principle of assumed risk remains unaffected. It may be conceded that, as a mere theoretical proposition, appellant is right in its construction of the provision of the statute now under consideration, considered alone. Such concession, however, if made, does not militate against anything said in the original opinion. As bearing on the statutory provision now under consideration, together with certain provisions of the second section of the act, we there said: "As negligence on the part of the employer is the essence of liability under all the provisions of the act, the question of assumed risk becomes unimportant in its relation to inherent' or apparent dangers or hazards, and likewise in its relation to defects in place, tool, implement, etc., unless such dangers, hazards or defects are the result or exist by reason of the employer's negligence. The question of assumed risk becomes unimportant under the circumstances indicated, for the reason that the absence of negligence on the part of the employer would defeat any action brought under the act, and as a consequence there would be no occasion to resort to the defense of assumed risk to that end."

Amplifying what is there said, where the employe, or the complaining party, in case the employe's injuries resulted in death, has proved a defect in the working place, tool, implement or appliance furnished by the employer for the use of the employe, and the consequent injury, a *prima facie* case has been made against the employer. *Deer* v. *Suckow Co.* (1915), 60 **Ind.** App. 277, 110 N. E. 700.

By the express provisions of §3 of the act (§8020c Burns 1914) the burden of proof on the question of the employer's knowledge, actual or constructive, is on the employer. If the employer establishes the absence of such knowledge on his part in time to have made repairs, etc., he thereby successfully meets the charge of negligence made against him, and he thereby also defeats the action, because negligence is its gist. It therefore seems to us that a contention that, as applicable to such situation the principle of assumed risk is not eliminated by the statute, but remains available to the employer, is without practical value even though theoretically it be well grounded. Under appellant's construction of that part of the statute now under consideration, the employer may have recourse to the doctrine of assumed risk under some circumstances where the complaining party has failed to prove that the employe did not have either actual or constructive knowledge of the defects, or that he did not understand, and that he was not chargeable with an appreciation of the perils arising therefrom. Appellant so contends, for the assigned reason that under some circumstances the employer's right to resort to such principle is not eliminated by the statute. Appellant concedes that such circumstances are confined to a case where the employer has proved his want of knowledge as above indicated. It thus appears, if appellant's contention and concession be considered together, that that status of the case which, when reached, defeats the complainant's case, also gives rise to a right to resort to the principle of assumed risk to defeat it; that in order that the employer may appeal to such principle to defeat the action, he must first by his proof defeat it on other grounds. We therefore conclude that appellant's contention, if well

grounded, is without any practical value. As applicable here, we quote the following from note to *Scheurer* v. *Banner Rubber Co.* (1910), 28 L. R. A. (N. S.) 1207, at page 1216: "In every case involving the liability of the master for an injury to a servant, it is elemental that there can be no recovery unless the master has been negligent—has been guilty of some breach of duty owing by him to the servant; at least, there can be no recovery in the absence of some special contract or statute expressly providing therefor. Consequently, if the servant fails to show that the master has been negligent, he cannot recover; not primarily because he has assumed the risk of the injury, or in any way waived his rights, or failed to exercise due care, but because the master has incurred no liability. If the servant fails to show some breach of duty on the part of the master, he fails to establish even a *prima facie* case. In most, if not in all, employments, some dangers remain after the master has fulfilled his full duty in furnishing the place, appliances, and tools, and in all other ways; and it is a very convenient mode of expression to say, as the courts almost universally do, that the servant assumes the risk of all such dangers, but it seems illogical, at least, to say that the servant's inability to recover for injuries due to such dangers rests upon his assumption of the risks thereof, since the master's non-liability would appear to rest peculiarly upon the absence of any breach of duty upon his part. In view of this, it is unfortunate that some courts have considered it necessary in some cases to discuss at length both the question of assumption of risk and of contributory negligence or lack of due care on the part of the servant, when they have expressly found that the master was not negligent."

In the original opinion we endeavored to distin-

guish between the principle· of assumed risk and. the doctrine of contributory negligence, as those terms are used in and affected by the act. Appellant does not take issue with our deduction as drawn, and concedes that the third sentence of §2 of the act, *supra,* if it were considered alone, is broad enough to eliminate from causes brought under the act the defense of assumed risk as to all dangers inherent or apparent in the employment. Such third sentence is as follows: "In actions brought against any employer under the provisions of this act for the injury or death of any employe, it shall not be a defense that the dangers or hazards inherent or apparent in the employment in which such injured employe was engaged, contributed to such injury." Appellant contends, however, that such sentence must be construed with the second sentence of the third section, set out in the original opinion, and that, when so considered, the latter modifies or limits the former, to the effect· that, as to inherent or apparent dangers growing out of defects in the place, tool, appliance or equipment, the latter provision governs.

Assuming for purposes of discussion that the latter provision is in modification or limitation of the former, rather than a concrete application of it, as stated in the original opinion, and, as a consequence, that in the relation of employer and employe there may be inherent and apparent dangers other than those growing out of place, tool, appliance or equipment, then we are simply brought to the proposition first above discussed; that is, in actions predicated on defects in place, etc., the employer defeats the action by proving that he did not have knowledge, etc., and if, in cases where he does not have knowledge, the principle of assumed risk theoretically remains available, the

right to resort to it is an empty right, as the action is otherwise defeated.

We have carefully considered other questions presented in the petition for a rehearing, but find no reason why we should depart from our original conclusion.

The petition is overruled.

NOTE.—Reported in 113 N. E. 244, 114 N. E. 94. Master and servant: distinction between assumption of risk and contributory negligence, 18 Ann. Cas. 960. See under (4, 6, 7, 10, 13) 26 Cyc 1180; (8) 26 Cyc 1450; (12) 26 Cyc 1177, 1226.